# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 11-672


HEALTH EDUCATION AND WELFARE FEDERAL CREDIT UNION

VERSUS

THE PEOPLES STATE BANK


********** 

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 82,294, DIV. B
HONORABLE DEE A. HAWTHORNE, DISTRICT JUDGE

**********

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and Billy Howard Ezell, Judges.


**AFFIRMED.**

Bernard Slattery Johnson
Kristina B. Gustavson
Cook, Yancey, King & Galloway
P. O. Box 22260
Shreveport, LA 71120-2260
Telephone:  (318) 221-6277
COUNSEL FOR:
     Plaintiff/Appellee - Health Education and Welfare Federal Credit Union

Christopher Michael Sylvia
P. O. Box 1200
Many, LA 71449
Telephone:  (318) 256-4383
COUNSEL FOR:
     Defendant/Appellant - The Peoples State Bank

**THIBODEAUX, Chief Judge.**

In this redhibition matter, Plaintiff Health Education and Welfare Credit Union ("HEW") filed suit against Defendant The Peoples State Bank ("the Bank") seeking a return or reduction in the purchase price of a mobile banking unit sold to HEW because the automated teller machine ("ATM") on the unit was defective at the time of the sale. After trial, the trial court ruled in favor of HEW, finding that the Bank breached the warranties of fitness and fitness for a particular purpose. The trial court awarded HEW $13,308.00 in specific damages. The trial court held an evidentiary hearing on the issue of attorney fees and costs. The trial court issued a final judgment and awarded HEW attorney fees and costs in the amounts of $53,042.00 and $4,191.19, respectively. We affirm.

I.

## ISSUE

We must decide whether the trial court abused its discretion in awarding $53,042.00 in attorney fees to HEW.[1]

II.

## FACTS AND PROCEDURAL HISTORY

The facts in this matter are not in dispute. The underlying action stemmed from the sale of a mobile banking unit from the Bank to HEW. The trial court awarded HEW $13,308.00 for the replacement of a defective ATM that was part of the mobile banking unit. The trial court held a separate evidentiary hearing to fix the amount of attorney fees and costs.

In advance of the evidentiary hearing, HEW filed its Motion and supporting proof seeking $58,962.00 in attorney fees and $7,141.44 in costs. At

---

[1]Neither the underlying award for damages nor the award for costs is challenged on appeal.

the hearing, counsel for the Bank only generally opposed the amount of attorney fees sought by HEW. The Bank's counsel failed to specifically object to any of HEW's itemized invoices and was admittedly unprepared to do so. The trial court granted the Bank's request to file a supplemental brief to specifically challenge HEW's invoices. HEW subsequently filed a brief in reply.

After the evidentiary hearing and after reviewing both parties' briefs concerning the invoices, the trial court issued its final judgment and awarded $53,042.00 in attorney fees and $4,191.19 in costs to HEW. The Bank appeals the amount of attorney fees awarded.

III.

## LAW AND DISCUSSION

### Standard of Review

We review an award of attorney fees in a redhibition case for abuse of discretion. *Buteau v. Leleux*, 591 So.2d 1261 (La.App. 3 Cir. 1991). As this court stated in *Buteau*, "[b]efore this court will disturb an award by the trial court, the record must clearly reveal that the trier of fact abused its much discretion in making the award." *Id.* at 1266 (citations omitted).

### Discussion

The supreme court articulated ten factors to be considered in reviewing the reasonableness of an award of attorney fees: "(1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge." *State, Dep't of Transp. and Dev. v. Williamson*,

2

597 So.2d 439, 442 (La.1992). The supreme court noted that these factors were derived from Rule 1.5(a) of the Rules of Professional Conduct. *Id.*

A trial court is afforded much discretion in awarding attorney fees in a redhibition case. *Dailey v. The Home Furnishings Store*, 02-1225 (La.App. 4 Cir. 9/17/03), 857 So.2d 1051. Attorney fees should be awarded on a case-by-case basis after examining the factors listed above. It is not per se unreasonable, as a matter of law, for the attorney fees award to be greater than the award for damages. *Id.*

At the evidentiary hearing in this matter, the trial court was presented with a plentitude of documentary evidence. It is clear from reviewing the trial court's ruling and reasons for judgment that the court meticulously analyzed that evidence before awarding attorney fees. We see no reason to re-hash its thorough analysis, and we find no abuse of discretion in the amount of attorney fees awarded. Thus, we affirm, and we adopt the trial court's well-reasoned opinion as our own. Its opinion is incorporated by reference as Appendix "A" to this opinion.

IV.

## CONCLUSION

For the reasons articulated above, we affirm the judgment of the trial court, adopt its opinion as our own, and incorporate its opinion by reference. Costs of this appeal are assessed against The Peoples State Bank.

**AFFIRMED.**

HEALTH EDUCATION AND
WELFARE FEDERAL CREDIT
UNION

DOCKET NUMBER 82,294 B

VERSUS

10TH JUDICIAL DISTRICT COURT

THE PEOPLE'S STATE BANK

NATCHITOCHES PARISH, LOUISIANA

## RULING AND REASONS FOR RULING
## CONCERNING ATTORNEY FEES AND COSTS

The Court previously awarded the plaintiff, Health Education and Welfare Federal Credit Union ("HEW"), the amount of $13,308.00 for the replacement of a defective ATM, which was a part of a mobile banking unit ("MBU") that was sold to HEW by the defendant, The People's State Bank ("PSB"). The Court also awarded reasonable attorney fees and costs to HEW, to be determined at an evidentiary hearing to fix the amount to be awarded. The reader is referred to the Court's written reasons for judgment concerning the case on the merits which is incorporated herein by reference.

## FACTS

HEW filed its Motion and Application for Court to Fix Attorney's Fees with attached supporting proof, i.e., invoices, documents, affidavits, etc. HEW is seeking $58,962.00 in attorneys fees and $7,141.44 in costs. (This amount of attorneys fees includes $5,000 estimated post judgment future fees.) The defendant, PSB, filed a Response to Plaintiff's Memorandum in Support of Motion and Application for Court to Fix Attorney's Fees. Without any particular basis for its argument, PSB asserted that attorney's fees should be fixed in the amount of $7,500.00, one half of the amount awarded to replace the defective ATM machine built in the MBU it sold to HEW.

ATTEST A TRUE COPY
This the ____ day of _____, 20__
LOUIE BERNARD, CLERK, 10th JDC., LA
By:_____ Dy-Clerk

- 1 -

At the hearing, PSB was not prepared to argue in opposition to any specific charge on the invoices submitted and filed in the record by HEW's counsel. While PSB did raise general questions about whether it was reasonable for HEW to have two attorneys for the trial and whether the redacted time entries should be considered, it was PSB's position that the amount awarded to HEW for replacement of the ATM should essentially be the only or main consideration in determining attorney's fees. PSB argued that the attorney's fees should be set at no more than the amount awarded for replacement of the ATM. Ultimately, PSB's counsel asked for permission to file a post hearing brief in which he would address the individual invoices entered in the record. The Court granted his request and allowed a response to be filed by HEW. Consequently, HEW felt it necessary to respond.

## ANALYSIS

Attorney fees are only recoverable when authorized by statute or contract. *Fontenot v. State, Department of Public Safety and Corrections*, 625 So.2d 1122, 1124 (La.App. 1 Cir.1993). The trial court generally has much discretion in setting an award of attorney fees. *Short v. Plantation Management Corp.*, 781 So.2d 46, 65 (La.App.1, 2000). While a court's attorney fee award should not be modified on appeal absent a showing of an abuse of discretion, it is not without parameters but is dependent on the reasonableness of a particular sum. *Id.* This "reasonableness inquiry" applies where attorney fees are established by statute, as well as by contractual agreement. *City of Baton Rouge v. Stauffer Chemical Company*, 500 So.2d 397, 400-401 (La.1987).

A trial court has great discretion in awarding attorney's fees in a redhibition case. *Dailey v The Home Furnishings Store*, 2002-1225 (La. App. 4 Cir. 9/17/03,

-2-

857 So.2d 1051; citing *Philippe v. Browning Arms Company*, 395 So.2d 310 (La. 1980). Attorney's fees should be awarded on a case-by-case basis after examining many factors. It is not unreasonable as a matter of law for the attorneys fees to be greater than the damage award. *Id.*

The Louisiana Supreme Court in *State, Department of Transportation and Development v. Williamson*, 597 So.2d 439, 441-42 (La.1992), set out the factors to be considered by a court in reviewing the reasonableness of an award of attorney fees:

> (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge.

The Supreme Court noted that these factors were derived from Rule 1.5(a) of the Rules of Professional Conduct:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5), the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.

HEW's counsel attached a memorandum to its application to fix attorney's fees and costs, citing a number of cases therein which the Court has considered as well. PSB filed memoranda as well citing other cases. The Court has taken all of these factors into consideration in determining the reasonableness of HEW's attorney's fees and costs.

- 3 -

## Hourly Rate Charged

HEW's counsel, Kristina B. Gustavson, graduated with honors from Tulane University and has approximately 7 years experience in the field of commercial law. She has had experience practicing in two large law firms known for excellent work.

The Court finds that the skill of the attorney handling the case for HEW is without question. She did excellent work. She was well prepared and responsive to the Court at all times. She diligently provided the Court with numerous detailed and thorough memoranda requested by the Court on all legal issues and on the complicated facts of this case. There were numerous documents involved in this litigation, and HEW's trial counsel had all of these documents well organized. Presentation of the evidence showed that counsel was well prepared and skilled at eliciting the necessary facts and explanations of complicated technical information and with managing the many documents in court. Trial bench books were prepared for the Court, which made the trial run smoothly. With lesser skills, this trial could have taken twice the time that it did. Actually, PSB did not question the skill of HEW's counsel.

PSB did not appear to raise any specific question concerning the hourly rate charged by HEW's counsel either, but simply left that determination to the Court. HEW trial counsel charged an hourly rate of $200.00 per hour. While this may be on the high side in our small community, for all of the above reasons, the Court does not find it to be unreasonable.

-4-

PSB's Specific Objections to Charges on HEW Attorney Invoices

In its post-hearing memorandum, PSB reviewed each invoice and raised several specific objections in regard to some of the charges. PSB had specific objection(s) to 14 of HEW's invoices.

1.    In regard to 13 of those invoices, an objection is raised to fees associated with redacted time entries, for a total of $3,620.00 in charges.

The Court has read each one of the redacted entries and does not find the redactions inappropriate. Nor does the Court find the charges to be unreasonable, which charges appear in large part to be for consultation with client personnel. The attorney had an obligation to keep her client informed as well as to prepare personnel for trial. Therefore, the Court rejects all of PSB's objections to fees associated with redacted time entries.

2.    PSB objects to the fees charged by the attorney partner, BSJ, at the rate of $250 an hour.

PSB objects to 4 of these entries: $100.00 (.4 hrs.) on Invoice No. 34508; $125.00 (.5 hrs.) on Invoice No. 36026; $75.00 (.3 hrs.) on Invoice No. 39362 and $125.00 (.5 hrs.) on Invoice No. 43453 for a total of $425.00. The time charged by BSJ was minimal. The work done by BSJ does not appear to be duplicative, nor does it appear that BSJ is generally overseeing work performed by Ms. Gustavson. The charges are reasonable. The Court will not disallow these charges.

3.    PSB objects to fees charged for what it deemed to be excessive time charged for research.

In this regard, PSB objected to Invoice No. 34508, asserting that HEW's counsel had charged 6 hours for "trial attorney researching law," for a total of $1,200.00. PSB claimed that $900.00 of these charges should be disallowed. The Court has reviewed this invoice and cannot find such charges. The only entry

which includes the word "research" was by "SSS" and was marked "N/C", indicating there was no charge. There were several entries described as "analysis," one for analysis regarding causes of action against PSB and broker, for 2 hours; one for analysis of Louisiana law regarding venue and jurisdiction, for 0.60 hours; and one for analysis of principal place of business of entities and of Louisiana law regarding foreign corporation filing suit in Louisiana, for 0.40 hours; for a total of 3 hours.

The Court notes that even if 6 hours were charged for research, it does not find devoting 6 hours to research excessive. There were a number of different issues that needed to be researched concerning code articles or statutes, as well as cases relating to those issues. In addition, throughout the litigation, issues arose which the Court specifically requested that the attorneys research and brief for the Court. The Court, of its own knowledge, is aware of the time necessary to properly research and address these issues.

PSB raised this same objection to Invoice No. 38403. HEW's counsel charged 2.1 hours for research. PSB objected to the entire charge and believed that the expenditure was unnecessary. The court disagrees. This issue, and how it applied to this particular case, was a serious question. This charge was not inappropriate, nor was the charge excessive.

There were no more specific objections to time charged for research.

4.   As to Invoice No. 34508, PSB raises only 3 other specific objections. PSB objected to the charges for drafting and revising an analysis and for drafting and revising the petition.

On Invoice No. 34508, HEW's counsel charged 3.5 hours for "Preparing memorandum regarding potential claims against People's State Bank," 1.5 hours

for "Preparing draft petition against People's State Bank," and 1.5 hours for "Revising drafts of analysis and petition."

The Court recognizes that a great deal goes into preparing an analysis as well as a petition. It requires reading and considering all applicable law and jurisprudence, reading and considering all documents related to the cause of action, gathering and assimilating all the facts and circumstances of the case and considering all of these in relation to one another. Then it requires actually writing a concise and cogent document in this regard. The amount of time charged in this regard, in the Court's opinion, is modest.

5.    As to <u>Invoice No. 36026</u>, PSB raises only 3 other specific objections. PSB objected to charges for review and analysis of the Answer, preparation of the corporate deposition notice and preparing for corporate deposition.

On <u>Invoice No. 36026</u>, HEW's counsel charged 2.0 hours, specifically, for "Review and analysis of answer filed by Peoples State Bank; meeting with Bernard S. Johnson regarding discovery process; email correspondence with Jeff Goff, Nora Hinton and Gloria Bowden regarding same." In regard to the review and analysis of the answer, the Court finds that an analysis of the answer that was filed by PSB <u>should</u> have taken additional time, because the affirmative defenses were raised without any recitation of purported facts upon which they might be based, requiring a lawyer to sift through the facts to try to determine the basis of each such claim. In addition, this time entry includes other things not referenced in PSB's objection. This time charge is not excessive.

On <u>Invoice No. 36026</u>, counsel for HEW charged 2.80 hours, specifically for "Preparing notice of corporate deposition of Peoples State Bank." As in the preparation of a petition or analysis, preparation for a corporate deposition requires a review and analysis of all documents, factual assertions and law, and a

consideration of how each may relate to PSB, HEW and all of the actors involved in this litigation. The Court finds that 2.80 hours is not excessive.

On Invoice No. 36026, counsel for HEW also charged 2.00 hours, specifically, for "Outlining questions for upcoming deposition of Peoples State Bank;" 3.20 hours for "Preparing outline for upcoming deposition of Peoples State Bank;" and 3.00 hours for "Preparing for deposition of Peoples State Bank;" and 5.60 hours for "Preparing for deposition of Peoples State Bank; traveling to and from Natchitoches; taking deposition of Peoples State Bank." While not expressly listed in the PSB memorandum, these charges appear to be the 8.2 hours objected to by PSB for "Preparing for corporate deposition."

This case is document intensive and the facts concerning the equipment complicated and difficult. It takes substantial time to organize and pull together documents to adequately address the issues in this case. In addition, the charge for 5.60 hours also includes time for "traveling to and from Natchitoches" and "taking deposition of Peoples State Bank." The Court does not find these time charges to be excessive.

6.    As to Invoice No. 36730, PSB raises only 1 other specific objection. PSB objected to 2.5 hours charged for "Drafting letter [July 13. 2009] regarding ATM.".

HEW's counsel charged 2.5 hours to "Prepare letter to Peoples State Bank regarding ATM and inability to be repaired." This letter was prepared and written by HEW's counsel at the request of PSB. Again, to prepare such a letter requires organizing all the facts and circumstances in light of all information, including that which was received in discovery. It is time consuming and difficult. The work product was excellent. It made clear what the difficulties were, and the great effort made by HEW to mitigate its damages.

-8-

The Court does not find this time charge excessive. ✓

7. As to <u>Invoice No. 38403</u>, PSB raises only 1 other specific objection. PSB objected to 0.20 hours charged for "Analysis of missed opportunities."

HEW's counsel charged 0.20 hours for "Analysis regarding document received from HEW Federal Credit Union regarding missed opportunities for the branch." The claim for missed opportunities was rejected, as the Court found the claimed losses were far too speculative. Consequently, the charge for 0.20 hours or $40.00 is <u>disallowed</u>.

8. As to <u>Invoice No. 40893</u>, PSB raises only 1 other specific objection. PSB objected to 3.0 hours charged to "Preparation of settlement offer letter [December 9, 2009]."

HEW's counsel charged 1.50 hours for "Preparing settlement offer letter to Chris Sylvia," and 1.50 hours for "Preparing settlement offer letter to Chris Sylvia at Peoples State Bank." This letter was prepared and written at the request of PBS and included additional and clarifying information obtained by the parties through discovery and preparation. The Court finds these charges reasonable. ✓

9. As to <u>Invoice No. 42680</u>, PSB raises only 1 other specific objection. PSB objected to 1.40 hours charged to "Drafting written discovery" which were not ever actually propounded

HEW's counsel charged 1.40 hours to "Draft interrogatories and request for production to defendant Peoples State Bank." HEW argues that after a conference between counsel and the Court on January of 2010, counsel believed that settlement negotiations would take place between HEW and PSB, and as a result, held off on propounding additional discovery.

Such a conference did occur and the Court did encourage PSB to participate in settlement negotiations. The decision to hold off on propounding additional

discovery was a reasoned decision and an additional effort to resolve the litigation. These charges will not be disallowed.

10.    As to Invoice No. 43453, PSB raises only 2 other specific objection. PSB objected to 7.9 hours for "Fees charged by Nickelson," [JCN] claiming that an additional attorney working on the lawsuit was not necessary and likely resulted in duplicative work being preformed therefore all of these fees, $1,580.00, should be disallowed.
PSB also objected to 8.6 hours or $1,720.00 in fees for "Deposition preparation."

HEW was charged 7.9 hours for the work of another attorney, JCN, as follows:

(a)    0.50 hours for "Conference with Kristi B. Gustavson regarding upcoming trial (.2), review pretrial brief (.3)."
(b)    0.30 hours for "Conference with Kristi B. Gustavson regarding trial subpoenas and other matters."
(c)    0.20 hours for "Conference with Kristi B. Gustavson regarding upcoming trial and review correspondence from opposing counsel regarding scheduling conference."
(d)    0.50 hours for "Conference with Kristi B. Gustavson regarding settlement and trial strategy."
(e)    3.80 hours for "Prepare for trial and conference with Kristi B. Gustavson regarding same."
(f)    1.30 hours for "Prepare for trial and conference with Kristi B. Gustavson regarding same."
(g)    1.3 hours for "Prepare for trial and conference with Kristi B. Gustavson regarding same.

HEW asserts that JCN was preparing for, and performing the cross examination of PSB's chief witness, Ms. Tori Flynn and that his work was not duplicative of work performed by trial counsel. It appears to the Court that a great deal of time was spent by JCN, learning about the facts and circumstances of this case in general, information already possessed by Ms. Gustavson, who was trial counsel, i.e. the numerous conferences with trial counsel and reviewing the same documents that trial counsel would necessarily have to review as well.

While Ms. Gustavson would have had to prepare the cross-examination of Tori Flynn, she would not have had to learn the facts of the case. The Court

- 10 -

believes that only 3 hours of the above time charged would have been necessary for Ms. Gustavson to accomplish this work. Therefore, 4.9 hours or $980.00 in fees are disallowed as duplicative.

HEW's counsel charged 8.6 hours for work relating to preparation for trial depositions. PSB failed to designate the particular invoice(s) entries at issue, however the Court presumes the following are the entries and charges objected to by PSB:

<blockquote>

(a)    1.80 hours for "Preparing for upcoming depositions of Diebold and Advent representatives."

(b)    0.40 hours for "Teleconference with James Goldbeck in preparation for trial depositions."

(c)    0.30 hours for "Teleconference with Rich Montague in order to prepare for trial deposition."

(d)    1.30 hours for "Preparing outlines for trial depositions of Diebold and Advent technicians."

(e)    3.00 hours for "Preparing for depositions of Bill Weimer, Dennis Rainey, Rich Montague and James Goldbeck."

</blockquote>

None of the above charges are objectionable. Preparation for trial depositions in this case not only entail knowing the law, but also entail being able to deal with the complicated technical facts necessary to try this case.

11.    As to <u>Invoice No. 48109</u>, PSB raises only 1 other specific objection. PSB objected to 18.5 hours ($3,700.00) charged to "Fees charged by Nickelson." [JCN]

HEW charged 18.5 hours for the work of another attorney, JCN, as follows:

<blockquote>

(a)    0.50 hours for "Prepare for trial, including discussion Tori Flynn's cross-examination with Kristi B. Gustavson."

(b)    0.60 hours for "Prepare for trial."

(c)    7.10 hours for "Prepare for trial, including cross examination of Tori Flynn, and conference with Kristi B. Gustavson regarding same."

(d)    10.00 hours for "Bench trial before Judge Dee Hawthorne in Natchitoches, Louisiana."

(e)    0.30 hours for "Conference with Kristi B. Gustavson regarding status of settlement discussions with People's State Bank and other matters."

</blockquote>

The Court would note that Mr. Nickelson (JCN) did excellent work and performed well at trial; and the Court is convinced that trial counsel appreciated his assistance; however, much of what he did was necessarily duplicative. As explained above, JCN had to learn the entire case and spend 10 hours in the court room to primarily cross-examine Tori Flynn.

With her prior knowledge of the case, the Court believes that trial counsel could have prepared for Ms. Flynn's cross-examination in an additional 5 hours. (The Court previously allowed 3 hours for Ms. Flynn in regard to Invoice No. 43453 above.) Therefore, as to Invoice Nno. 48109, the Court disallows 13.5 hours of these charges, or $2,700.00 in fees.

12. As to Invoice No. 44771, PSB raises only 1 specific objection. PSB objected to 20.2 hours charged for "Preparation of post trial brief."

HEW charged 20.2 hours for work relating to post trial brief preparation as follows:

(a)  1.40 hours for "Preparing background facts for post trial brief."
(b)  2.80 hours for "Review of trial transcript in order to prepare post-trial brief."
(c)  2.20 hours for "Prepare post-trial brief."
(d)  2.00 hours for "Preparing post-trial brief regarding legal analysis."
(e)  2.50 hours for "Preparing post-trial brief regarding background facts."
(f)  1.50 hours for "Preparing post-trial brief regarding legal analysis."
(g)  2.80 hours for "Preparing post-trial brief regarding analyst [sic] testimony at trial."
(h)  5.0 hours for "Preparing and finalizing post-trial brief."

At the conclusion of the trial of this matter, counsel for PSB requested that a transcript of the trial be prepared, and the Court ordered detailed briefing. There were several legal issues that the Court wanted the attorneys to specifically address. In addition, the case was fact intensive and the Court wanted the facts specifically argued in the briefs. In the Court's view, any briefing on factual

- 12 -

issues, assertion of facts and conclusions, needed to be cited to the transcript. This is a lengthy, detailed and time-consuming process. Just reading the transcript and depositions takes hours. Counsel for HEW did an excellent job; and the Court will not disallow any of this time as unreasonable.

13.    As to Invoice No. 48110, PSB raises only 1 other specific objection. PSB objected to .3 hours for "Fees charged by Nickelson," claiming that an additional attorney working on the lawsuit was not necessary and likely resulted in duplicative work being preformed.

HEW's counsel charged 0.30 hours or $60.00 in fees for the work of another attorney, JCN, for "Conference with Kristi B.Gustavson regarding supplemental post trial brief. The Court disallows this charge as duplicative and unnecessary.

PSB made no other specific objections to the charges on HEW's invoices.

Additional Charges or Fees Asserted by HEW

HEW's argues further that from November 30, 2010 to December 16, 2010, time incurred by HEW's counsel for preparing for and attending the December 16th hearing amounted to $2,460.00 of billable time, not including preparation time for its post hearing brief which took approximately 2 hours or $400.00. Consequently, HEW claims an additional $2,860.00 in attorney's fees.

The Court believes these charges to be reasonable.

Attorney fees determined to be reasonable

HEW seeks reimbursement for attorneys' fees actually incurred in the amount of $56,822.00 ($53,962.00 – billed and paid; and $2,860 not yet billed.). The Court finds that 18.9 hours at $200 an hour should be disallowed in a total amount of $3,780.00. Without further evaluation, that leaves attorney fees in the amount of **$53,042.00**. (This calculation does not include the request for an estimated future amount of fees.)

Costs

The trial judge has great discretion in awarding costs, including expert witness fees, deposition costs, exhibit costs, and related expenses. *Suprun v. Louisiana Farm Bureau Mut. Ins. Co.*, La.App. 1 Cir. 4/30/10, 2010 WL 1740002, *Simpson v. Goodman*, (La.App. 1 Cir. 12/28/98), 727 So.2d 555. Absent an abuse of discretion, the courts of appeal will not interfere with an award of costs. *Vela v. Plaquemines Parish Government*, 811 So.2d 1263, 1282 (La.App.4.Cir.,2002). The only costs taxable against a litigant are those provided for by positive law. *Wooley v. Lucksinger*, 14 So.3d 311 (La.App.1.Cir. 2008).

HEW seeks reimbursement for costs as follows:

1. Filing fees, $839.00 + an additional $425.00 = $1,264.00;
2. Long distance telephone charges, $205.79 + an additional $20.55 = $226.34;
3. Photocopies, $1,031.40 + an additional $120.00 = $1,151.40;
4. Mileage, $307.50 + an additional $75.00 = $382.50;
5. Westlaw Legal Research, $2,853.90 + an additional $108.00 = $2,961.90;
6. Courier Fee, $70.00
7. Court Reporter Fees, $893.30;
8. Trial subpoena cost, $325.00;
9. Custom tabs, index tabs, binding, $22.05;
10. Federal Express, $80.20;
11. Conference Call Charges, $13.80;
12. Trial transcript, $477.50
13. Meals for KBG and JCN, $22.00.

for a total of $7,889.99.

The Court finds the following listed expenses are disallowed since these charges are not provided for by law: ½ of the photocopy charge ($575.70); all of the Westlaw charge ($2,961.90); all of the courier fee ($70.00); all of the Federal Express charges ($80.20); and ½ of the meals charges ($11.00); for a total of disallowed charges in the amount of $3,698.80. The Court allowed ½ of the

photocopy charges, because this case involved so many copies and many were used in the trial of the matter.

HEW seeks reimbursement for costs in the amount of $7,889.99. The Court finds that $3,698.80 should be disallowed. Without further evaluation, that leaves costs in the amount of **$4,191.19**. The Court finds these reasonable and allowed according to law.

Other considerations

PSB argues that any fees or costs relating to HEW's claim for lost income should be disallowed, because the plaintiff was not successful in regard to this claim at trial, the court having found that any such loss was not reasonably quantifiable.. Very little time was spent addressing this issue at trial, and only one witness testified concerning this claim. The Court will not reduce the fees in this regard.

The final consideration by this Court is the main argument made by PSB, whether the amount awarded as attorney's fees should be completely driven by the amount finally awarded on the substantive claim, $13,308.00.

This Court finds that it should not be so driven, in this case, under these circumstances. The Court finds that PSB, in large part, is the cause for delaying resolution of this matter and for the amount of attorney's fees and costs necessitated and ultimately expended in this litigation.

HEW purchased a mobile banking unit (MBU) from PSB. The ATM machine built in the MBU was not the product advertised, and the ATM that was there, was inoperable and irreparable. PSB personnel had all of the information it needed to make this determination at the time of the sale.

HEW was forced to hire an attorney to represent its interests. PSB has paid no extra attorney's fees, as it was represented by in-house counsel. As the result of the diligent efforts of HEW and its retained counsel, PSB was urgently advised of the problems and the defect at issue even before the suit was filed, and before any significant fees and costs were incurred.

HEW could have successfully urged a claim for return of the purchase price of $115,000.00, because the MBU was clearly not fit for its intended use without a working (or reparable) ATM. HEW was faced with a dilemma when PSB refused to make good on its sale. At that point, in addition to the costs associated with the sale itself, HEW had invested additional money preparing the MBU for HEW's use, i.e. having it custom painted with its logo, and other installation expenses. In addition, HEW could not afford to buy a new MBU. HEW could have pursued its claim for the return of the purchase price, all costs relating to sale, and all of the expenses involved in preparing the MBU for HEW's use. However, when PSB refused to make good on the sale, in an effort to mitigate its losses, HEW personnel searched diligently to find a replacement for the defective ATM. It was not a simple feat, as there were extreme space limitations and most companies could not provide such a product. HEW finally found a company that could provide a replacement and it made the purchase.

PSB was offered the opportunity to simply pay for the replacement, however PSB would not respond at all to any of HEW's proposals or attempts to settle the case. On several occasions throughout the litigation, PSB specifically requested that HEW prepare and submit to them settlement proposals. Each time PSB requested it, HEW did so; it made the proposal and provided the factual and legal argument supporting its proposal. This was confirmed at the January status

conference, when counsel for PSB reported that no answer had been made to HEW in regard to any of its settlement proposals. The Court strongly encouraged PSB to participate in efforts to settle this litigation. It is clear that at each step in this process, PSB has been aware of the facts sufficient to know that the ATM was not the product advertised and that the ATM was defective, inoperable and irreparable. Instead, PSB chose to forego actively pursuing a settlement and instead relied on its chances at trial. HEW was forced to continue to incur attorney's fees and costs.

The purpose of the statutory authority to award attorneys fees and costs is to make the buyer whole. In a redhibition action, reasonable attorney's fees should be awarded to justly compensate plaintiffs who succeed in establishing liability on the part of the seller or manufacturer under Louisiana Civil Code article 2545. *Linoski et al v Fleetwood Homes of Texas* et al., 38,338, (La. App. 2 Cir. 5.12.04) 873 So.2d 886.

## Conclusion

Consequently, the Court awards all the attorney's fees and costs incurred thus far and not disallowed by the Court herein, **$53,042.00** and **$4,191.19** respectively. The Court will not award an anticipated amount for future fees and costs at this time.

HEW's counsel is to prepare the judgment in accordance with this ruling, which will be signed upon presentation.

WRITTEN REASONS FOR RULING RENDERED IN CHAMBERS at Natchitoches, Natchitoches Parish, Louisiana on the 28th day of February, 2010.

DEE A. HAWTHORNE
DISTRICT JUDGE – DIVISION "B"

- 17 -