# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 17-53


**RONALD LEE STUTES, ET UX.**

**VERSUS**

**GREENWOOD MOTOR LINES, INC., ET AL.**



**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20131119
HONORABLE DAVID MICHAEL SMITH, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**MARC T. AMY**

**JUDGE**

**\*\*\*\*\*\*\*\*\*\***


Court composed of Marc T. Amy, Phyllis M. Keaty, and David E. Chatelain[*], Judges.



**APPEALS DISMISSED AND REMANDED.**

_____

[*] Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Ernest Paul Gieger, Jr.**
**Rachel G. Webre**
**Emily E. Eagan**
**Gieger, Laborde & Laperousse, L.L.C.**
**701 Poydras Street, #4800**
**New Orleans, LA 70139**
**(504) 561-0400**
**COUNSEL FOR DEFENDANT/APPELLANT:**
> **Lexington Insurance Co.**

**James Marshall Montgomery**
**Attorney at Law**
**802 Johnston St.**
**Lafayette, LA 70501**
**(337) 269-0083**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
> **Ronald Lee Stutes**
> **Carroll Lynn Stutes**

**John Barney Davis, II**
**Baker, Donelson, Bearman, PC**
**450 Laurel Street, 20th Floor**
**Baton Rouge, LA 70801**
**(225) 381-7000**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
> **Gerald James Pitre, Jr.**
> **R & L Transfer, Inc.**
> **R & L Carriers Shared Services, LLC**
> **R & L Carriers, Inc.**
> **Greenwood Motor Lines, Inc.**

**Laura Lee Putnam**
**Assistant Attorney General**
**556 Jefferson St., 4th Floor**
**Lafayette, LA 70501**
**(337) 262-1700**
**COUNSEL FOR DEFENDANT/APPELLEE:**
> **Louisiana Department of Transportation & Development**

**Virginia Yoder Dodd**
**Kevin W. Welsh**
**Phelps Dunbar, LLP**
**Post Office Box 4412**
**Baton Rouge, LA 70821-4412**
**(225) 346-0285**
**COUNSEL FOR DEFENDANT/APPELLANT:**
> **American Guarantee and Liability Insurance Company**

**Blake R. David**
**Broussard & David, LLC**
**Post Office Box 3524**
**Lafayette, LA 70502-3524**
**(337) 233-2323**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
> **Carroll Lynn Stutes**
> **Ronald Lee Stutes**

**AMY, Judge.**

This court issued a rule for the Defendants-Appellants, Lexington Insurance Company and American Guarantee and Liability Insurance Company, to show cause why their appeals should not be dismissed for having been taken from a judgment lacking proper decretal language. For the reasons assigned, we dismiss the appeals and remand this matter to the trial court for further proceedings in accordance with this court's ruling.

The instant litigation arises from a vehicular accident. According to the Plaintiff's petition, Defendant, Gerald James Pitre, Jr., failed to yield right of way to the Plaintiff, striking Plaintiff's vehicle and causing the injuries for which this suit was filed. During the course of this litigation, the State of Louisiana, through the Department of Transportation and Development (DOTD), filed a motion for summary judgment seeking a judgment dismissing it from this suit. In addition, Plaintiff filed a motion for summary judgment and alternative motion in limine seeking a judgment that no percentage of fault can be ascribed to the DOTD in this accident.

Following hearings on these motions, the trial court entered two separate judgments on two separate days. In the judgment signed on September 27, 2016, the trial court ruled as follows:

> **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the defendant, the State of Louisiana, through the Department of Transportation and Development ("DOTD"), is hereby granted summary judgment, and the claims asserted against it in the above captioned matter are hereby dismissed with prejudice at the cost of the parties opposed to the motion.

However, in the judgment signed by the trial court on October 11, 2016, the trial court's ruling, in pertinent part, reads, "**Motion for Summary Judgment on DOTD liability filed by Plaintiff:  Granted.**"

The Appellants filed separate motions to appeal the separate judgments.  The appeals from the judgment of September 27, 2016, were lodged in this court under docket number CA17-52.  The appeals from the judgment of October 11, 2016, bear this court's docket number CA17-53.  Upon the lodging of the record in the latter appeals, this court issued the rule to show cause which is under consideration herein.

Both Appellants filed briefs in which they contend that the trial court's judgment of October 11, 2016, does have proper decretal language.  As an alternative, the Appellants ask that this court remand the appeals for the trial court to enter a judgment which does contain proper decretal language.

In addition to the requirements that a judgment be precise, definite, and certain, "a judgment cannot require reference to extrinsic documents or pleadings in order to discern the court's ruling." *Thomas v. Lafayette Parish Sch. Sys.*, 13-91, p. 2 (La.App. 3 Cir. 3/6/13), 128 So.3d 1055, 1056.  *See State v. White*, 05-718 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144.  We find that reference must be made to additional documents in order to discern what relief was granted to the Plaintiff in the judgment of October 11, 2016.

A review of the Plaintiff's motion for summary judgment reveals that the Plaintiff sought a declaration from the trial court that no liability could be ascribed to the DOTD in the cause of the subject accident.  However, the judgment merely states that the Plaintiff's motion regarding the liability of the DOTD was being

2

granted with nothing further. We find that this judgment is ambiguous and lacks proper decretal language.

The Appellants point out, though, that in this case, the trial court also rendered judgment on September 27, which clearly dismisses the DOTD from the litigation. Therefore, the Appellants contend that this court should not dismiss the appeals from the October 11 judgment. We find that the Appellants' contention on this point goes beyond the issue presented on this court's rule to show cause. We note that the logical interpretation of the Appellants' argument in this regard would appear to indicate that the trial court's October 11 judgment was rendered moot since the DOTD had already been dismissed from this litigation by the September 27 judgment. However, as stated above, the judgment of October 11 is ambiguous; therefore, its true meaning cannot be discerned by this court at this time. Accordingly, this court remands this matter to the trial court for further proceedings in accordance with this court's ruling.

**APPPEALS DISMISSED AND REMANDED.**