# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 19-15


**MARGARET C. CAMALO, ET AL.**

**VERSUS**

**PATRICIA LAURA ESTRADA COURTOIS, ET AL.**



**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20164520
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**BILLY HOWARD EZELL**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and John E. Conery, Judges.


**AFFIRMED AS AMENDED.**

**Alan K. Breaud**
**Timothy Wayne Basden**
**Breaud & Meyers**
**P. O. Drawer 3448**
**Lafayette, LA 70502**
**(337) 266-2200**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Margaret C. Camalo**
    **Frank Camalo**

**Joseph C. Giglio, Jr.**
**Liskow & Lewis**
**P. O. Box 52008**
**Lafayette, LA 70505-2008**
**(337) 232-7424**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Joseph C. Giglio, III**
    **Margaret Peggy Giglio**

**John S. McLindon**
**Walters Papillion Thomas**
**The Law Office of John S. McLindon**
**12345 Perkins Rd, Bldg 2, Suite**
**Baton Rouge, LA 70810**
**(225) 236-3636**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Cye Thomas Courtois**
    **Patricia Laura Estrada Courtois**

**Jonathan Beauregard Andry**
**The Andry Law Firm**
**610 Baronne St.**
**New Orleans, LA 70113**
**(504) 525-5535**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Cye Thomas Courtois**
    **Patricia Laura Estrada Courtois**

**EZELL, Judge.**

Cye and Patricia Courtois appeal the judgment of the trial court below awarding Margaret and Frank Camalo $108,250.66, and Margaret and Joseph Giglio $65,000.00, in attorney fees for work necessitated by the Courtois fraudulently altering neighborhood restrictions to the Camalos and Giglios detriment. For the following reasons, we affirm the decision of the trial court.

This matter has been before this court previously, both as an appeal and under our supervisory jurisdiction. This litigation is part of a large and vitriolic property dispute between the Courtois and two sets of their neighbors, the Giglios on one side and the Camalos on the other. This matter began when the Courtois deliberately misled other neighbors in the parties' subdivision into altering neighborhood restrictions on setbacks to allow the Courtois to build in a manner which encroached upon the Camalos' and the Giglios' property against the Plaintiffs' will and the restrictions. The Camalos and Giglios brought suits for fraud and to rescind the alterations to the neighborhood restrictions that were made based upon the Courtois' deceit. As the dispute became increasingly contentious, a preliminary injunction was issued preventing the parties from communicating with each other, ordering the parties to refrain from harassing each other, and from damaging each other's property. After Mr. Courtois deliberately violated this injunction by damaging a stone wall, drainage, trees, and shrubs on the Giglios' property, he was held in contempt of court by the trial court.

After a trial on the present matter, the trial court rendered a partial final judgment in June of 2018 finding that the Courtois committed fraud. The trial court's finding of fraud has not been challenged by the Courtois. The trial court awarded damages for that fraud, for destruction of property, and other general

damages. Those awards have also not been challenged. Finally, as part of that partial judgment, the trial court awarded attorney fees, the amount of which were to be determined after a contradictory hearing. After that separate hearing on attorney fees, the trial court entered a final judgment in August of 2018, awarding the Camalos $108,250.66 in attorney fees and expenses for the prosecution of this lengthy and hard-fought case. The trial court further awarded the Giglios $65,000.00 in attorney fees. From that August 2018 decision, the Courtois appeal.

On appeal, the Courtois set forth four assignments of error. They claim that the trial court erred in signing the August 2018 judgment, as they allege it lacks the proper decretal language to be a final judgment. The Courtois further claim that the trial court erred in awarding attorney fees under La.Civ.Code art. 1958, that the award of attorney fees was grossly excessive, and that the trial court should not have awarded the Giglios attorney fees at all, as no attorney fees were paid or incurred by them. We disagree.

*Decretal Language*

The Courtois first allege that the trial court's final judgment lacked sufficient decretal language and was, therefore, not a proper final judgment. We disagree.

This court has stated that "[a] valid judgment must be precise, definite, and certain. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied." *State v. White*, 05-718, p. 2 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144, 1146 (quoting *Jenkins v. Recovery Tech. Inv'rs.*, 02-1788, pp. 3–4 (La.App. 1 Cir. 6/27/03), 858 So.2d 598, 600) (citations omitted). Furthermore, "a judgment cannot require reference to extrinsic documents or pleadings in order to discern the court's ruling." *Stutes v.*

2

*Greenwood Motor Lines, Inc.*, 17-53, p. 2 (La.App. 3d Cir. 3/8/17), 215 So.3d 287, 289 (quoting *Thomas v. Lafayette Parish Sch. Sys.*, 13-91, p. 2 (La.App. 3 Cir. 3/6/13), 128 So.3d 1055, 1056.)

However, "[u]nder Louisiana law, the form and wording of judgments are not sacramental." *Matter of Succession of Porche*, 16-538, p. 7 (La.App. 1 Cir. 2/17/17), 213 So.3d 401, 405. For example, there is nothing in our law which makes it mandatory that the judgment specifically name the defendants. In *Siekmann v. Kern*, 136 La. 1068, 68 So. 128 (1915), it was held that a judgment which taxed the costs of the proceeding against "the defendants" was sufficient, although the defendants were not actually named in the judgment.

Though imperfect, we cannot say that the judgment rendered herein is invalid. The August 2018 judgment against the Courtois contains all the necessary decretal language to meet the requirements of a final judgment in that it clearly identifies the parties involved, determines the rights of those parties, and awards each set of plaintiffs a precise dollar amount in attorney fees. Although the decretal language does not expressly name the Courtois as the defendants cast in judgment, they were the only two defendants ever involved in the litigation. Further, they were identified as defendants in the caption of the judgment, in the listing of counsel of record present in court at the beginning of the judgment, as well as specifically named when the trial court taxed them with costs at the end of the judgment. There are no other potentially liable parties as in the cases cited by the Courtois, and no other claims to be litigated. Thus, a third person could easily determine from reading the judgment that the Courtois are the parties cast in judgment and the amount owed in attorney fees without reference to other

documents in the record. *See Conley v. Plantation Mgmt. Co.*, 12-1510 (La.App. 1 Cir. 5/6/13), 117 So.3d 542, *writ denied*, 13-1300 (La. 9/20/13), 123 So.3d 178.

The Courtois further claim that the final judgment lacks proper decretal language because it fails to specify whether they are jointly or solidarily liable, or because the final judgment failed to mention interest. We again note that the Courtois do not challenge the trial court's judgment finding that they committed fraud in any way, or the awards for damages arising from their fraud. It is undeniable that the trial court found that the married couple, together, lied to neighbors to fraudulently alter their neighborhood restrictions to the detriment of the Camalos and Giglios. "He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act." La.Civ.Code art. 2324(A). As the Courtois were found to have engaged in the fraud necessitating this litigation together, they are inherently liable in solido for their acts. Their assertion that the judgment failing to specifically mention this fact in awarding attorney fees renders the judgment invalid is devoid of merit, especially in light of the prior partial judgment finding fraud, which they do not even challenge.

Likewise, there is no merit to the Courtois' assertions regarding interest. Louisiana Revised Statutes 13:4203 states: "Legal interest shall attach from date of judicial demand, on all judgments, sounding in damages, 'ex delicto', which may be rendered by any of the courts." Fraud by its very nature is ex delicto. *Auger v. Auger*, 434 So.2d 492 (La.App. 2 Cir. 1983). It is clear that the language of La.R.S. 13:4203 is mandatory and applicable in all actions ex delicto, even in cases where legal interest is not prayed for nor specifically mentioned in a judgment awarding damages. *See Le Blanc v. New Amsterdam Cas. Co.*, 202 La. 857, 13 So.2d 245

4

(1943).  "[A]n award of judicial interest is not discretionary, insofar as it attaches automatically until the judgment is paid, whether prayed for in the petition or mentioned in the judgment." *Oliver v. Magnolia Clinic*, 11-2132, 11-2139, 11-2142 p. 14 (La. 3/13/12), 85 So.3d 39, 49 (citing La.Code Civ.P. art. 1921).  The failure of the judgment appealed to specifically mention interest in no way renders it as lacking proper decretal language, as interest attached by law.  *Id.*  This assignment of error is utterly devoid of merit.

*Rescission Under La.Civ.Code art. 1958*

The Courtois next claim the trial court improperly awarded attorney fees under La.Civ.Code art. 1958, as they allege rescission could not have taken place under the facts of this case. The Courtois claim that rescission is impossible here, as the neighbors they duped into altering the neighborhood restrictions, upon learning that they had been misled, altered the restrictions yet again to reestablish the original setbacks, thereby undoing the Courtois' earlier, duplicitous actions. The Courtois want to use the fact that their neighbors discovered their fraud and attempted to mitigate the damages they caused to avoid consequences for committing that fraud in the first place.  We disagree.

Louisiana Civil Code Article 1958 clearly states: "The party against whom rescission is granted because of fraud is liable for damages and attorney fees." This suit unquestionably arose due to the Courtois lying to neighbors to change the neighborhood restrictions to their benefit and the Camalos and Giglios detriment. The Camalos' and Giglios' petitions sought to nullify the Courtois' original alteration due to the underlying fraud.  The trial court clearly and unequivocally declared the Courtois' alteration to the neighborhood restrictions was "null and void and the inscription of the instrument . . . cancelled" as part of an earlier ruling

granting an injunction against the Courtois. While the neighbors' reestablishment of the original setbacks and restrictions may have *effectively* killed the Courtois' deceitful changes, the trial court's actions pulled them out root and stem. The fact that the order declaring the nullity was based on the consent of all parties is of no moment, as the June 2018 judgment unquestionably found that the nullity arose from the Courtois' fraudulent actions. Once again, the Courtois do not even dispute the finding that they committed fraud. This argument is so utterly devoid of merit as to border on being frivolous.

*Entitlement to Attorney Fees*

We will next take up the Courtois' assertion that the trial court improperly awarded attorney fees to the Giglios, as our ruling on this issue would affect our analysis on the amounts of the awards given later.

As noted above, attorney fees are clearly recoverable for acts of fraud under La.Civ.Code art. 1958. Here, the Courtois reassert their argument from our prior case, *Camalo v. Estrada*, 17-1184 (La.App. 3 Cir. 9/26/18), 257 So.3d 202, that attorney fees could not be awarded to the Giglios specifically under *Goodrich v. Exxon Co., USA*, 608 So.2d 1019 (La.App. 3 Cir. 1992), *writ denied*, 614 So.2d 1241 (La.1993). They cite *Goodrich* for the proposition that "[I]n cases where attorneys' fees are allowed, absence of proof that the fees have actually been paid, or an obligation incurred to pay, defeats recovery." *Id*. at 1034 (alteration in original) (quoting *Rhodes v. Collier*, 215 La. 754, 41 So.2d 669, 673 (1949)). They argue again that the Giglios' attorney, Mr. Giglio's father, had admitted to representing the couple free of charge and that, therefore, the Giglios had not incurred any obligation to pay attorney fees. We disagree.

6

In our prior case, we allowed the Giglios to recover attorney fees incurred pursuing a contempt of court motion granted against Mr. Courtois. That prior matter was based on a contempt proceeding dealing with Mr. Courtois' direct and flagrant disregard of a court order. There, we noted that a proceeding for contempt for refusing to obey the court's orders is not designed for the benefit of the litigant, but that the object of a contempt proceeding is to vindicate the dignity of the court. *See Howard v. Oden*, 44,191 (La.App. 2 Cir. 2/25/09), 5 So.3d 989, *writ denied*, 09-965 (La. 6/26/09), 11 So.3d 496. Though we ruled that *Goodrich* did not apply in the limited context of contempt of court proceedings, we did not restrict *Goodrich* in other civil matters designed to benefit a party to a suit, such as the matter here.

We again find *Goodrich* to be distinguishable, as neither it nor the cases relied on therein dealt with fraud. "[A]ny fraud is intolerable." *St. Bernard Parish Police Jury v. Duplessis*, 02-632, p. 1 (La. 12/4/02), 831 So.2d 955, 962 (Weimer, J., concurring). Fraud has long been held to be subject to "discouragement and punishment[.]" *Simms v. Bean*, 10 La.Ann. 346, 346 (1855). We find it would be both unfortunate and distasteful should willful bad actors such as the Courtois receive a windfall as a result of an opposing attorney's generosity, especially considering the vast amount of work performed because of this litigation. To reward blatant acts of fraud with reduced recovery would be antagonistic to the public goal of preventing such bad acts. Further, the Giglios' attorney testified at the hearing that any attorney fees that were recovered would be paid to his law firm. This was uncontradicted. Therefore, we find the trial court did not err in granting attorney fees to the Giglios under the facts of this case and we affirm the decision to grant them $65,000.00 in attorney fees.

We will note briefly for the sake of thoroughness that the Courtois attempt a similar argument against the Camalos, noting that their attorney is a personal friend. However, the record before us is clear that their attorney has never waived any fees, nor promised to represent them free of charge, and that the Camalos would be obliged to pay for his services had the trial court not awarded attorney fees in this matter. As such, it is clear that *Goodrich* would not apply to the Camalos in *any* situation, let alone in a fraud case, as discussed above. We can find no error in the trial court awarding attorney fees.

*Amount of the Attorney Fees*

Next, we address the Courtois' claim that the trial court erred in awarding what they allege to be grossly excessive attorney fees. The Courtois claim the attorney fees are excessive because, at $108,250.66, the attorney fees awarded the Camalos are over three times the total, unchallenged, damages awarded them, some $30,000.00. Likewise, they similarly challenge the Giglios' award of $65,000.00 in attorney fees, where they recovered roughly $22,000.00 in total damages. However, after a review of the record before this court, we find no error in the amount of the trial court's award.

"A trial court's award of attorney fees should not be modified on appeal unless it has been shown to be an abuse of discretion." *Two Oil Servs., LLC v. Simons Petroleum, LLC,* 14-712, p. 8 (La.App. 3 Cir. 12/10/14), 155 So.3d 677, 683; *Master Credit Corp. v. Campbell & Assocs., Inc.*, 98-349 (La.App. 4 Cir. 11/25/98), 724 So.2d 266; *see also Gravolet v. Bd of Comm'rs for the Grand Prairie Levee Dist.,* 95-2477 (La.App. 4 Cir. 6/12/96), 676 So.2d 199. The supreme court articulated ten factors to be considered in reviewing the reasonableness of an award of attorney fees:

8

(1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge.

*State, Dep't of Transp. & Dev. v. Williamson*, 597 So.2d 439, 442 (La.1992). The supreme court noted that these factors were derived from Rule 1.5(a) of the Rules of Professional Conduct. *Id*.

Attorney fees should be awarded on a case-by-case basis after examining the factors listed above. "It is not per se unreasonable, as a matter of law, for the attorney fees award to be greater than the award for damages." *Health Educ.& Welfare Fed. Credit Union v. Peoples State Bank*, 11-672 p. 3 (La.App. 3 Cir. 12/7/11), 83 So.3d 1055, 1057 (citing *Dailey v. The Home Furnishings Store*, 02-1225 (La.App. 4 Cir. 9/17/03), 857 So.2d 1051.)

In the instant case, the Camalos presented an intricate case in their attempt to prove the Courtois' fraud. The Camalos' attorney obtained several favorable results for his clients over several years in this protracted and bitter litigation, showing great diligence, knowledge, and skill. The trial court conducted a full hearing on the issue and reviewed volumes of time sheets, invoices, and other documents which are in the record before us. It is clear from reviewing the trial court's ruling that the court meticulously analyzed that plentitude of documentary evidence before awarding attorney fees. Upon reviewing that evidence ourselves, we can find no error in the trial court's award, despite the size of the total amount and the disparity between the damage totals and attorney fees award.[1]

---

[1] For example, in *Health Educ. & Welfare Fed. Credit Union*, 83 So.3d 1055, this court awarded attorney fees which were four times the amount of damages recovered, an even greater disparity than here.

9

Likewise, we agree with the trial court that the manner in which the Giglios' attorney prosecuted this arduous case displayed great skill. Through multiple court appearances, hearings, and appeals over several years, he obtained favorable results for his clients at every turn and displayed the Courtois' fraud so clearly that they did not even attempt to refute it before this court. The Giglios submitted uncontradicted evidence concerning the extent of the work performed including time sheets and other detailed records. Moreover, the Giglios' attorney effectively discounted his normal hourly rate such that the total attorney fees amount sought and awarded are roughly half of what he would normally be entitled to. He also indicated that any award received would be paid to his law firm as the resources used were those of the firm. Based on the record before us, we can find no abuse of the trial court's discretion in the award of $65,000.00 in attorney fees to the Giglios.

*Answers to Appeal*

Finally, the Camalos and the Giglios all answer the Courtois' appeal, seeking additional attorney fees for work done on appeal. "An increase in attorney's fees should be awarded to a party who has already been awarded attorney's fees by the trial court and then successfully defends an appeal." *Saacks v. Mohawk Carpet Corp.*, 23,386, p. 25 (La.App. 4 Cir. 8/20/03), 855 So.2d 359, 375, *writ denied,* 03-2632 (La. 12/12/03), 860 So.2d 1158. For our reasons stated above, we find that the Camalos and Giglios are entitled to additional attorney fees for successfully defending the Courtois' appeal, though we do not find the amount requested by the Camalos for this award to be reasonable. Considering the factors to be weighed in determining the reasonableness of attorney fees, we find that $5,000.00 is a reasonable award for attorney fees for the defense of this appeal. We

10

amend the award of attorney fees to include an additional $5,000.00 to each set of appellants for the defense of this appeal, for a total of $113,250.66 to be awarded to the Camalos in attorney fees, and a total of $70,000.00 in attorney fees for the Giglios

For the above reasons, the judgment of the trial court is hereby affirmed as amended. We hereby affirm the decision of the trial court awarding the Camalos $108,250.66 in attorney fees, amending that judgment to award an additional $5,000.00 for attorney fees warranted as a result of this appeal. We further affirm the award of $65,000.00 to the Giglios for attorney fees, amending that judgment to award an additional $5,000.00 for attorney fees incurred on appeal. Costs of this appeal are hereby assessed against the Courtois.

**AFFIRMED AS AMENDED.**