# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-1559

MARCUS BROUSSARD, JR., ET AL.

VERSUS

MARTIN OPERATING PARTNERSHIP, ET AL.

**********

## SUPPLEMENTAL OPINION

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 83,406
HONORABLE ARTHUR J. PLANCHARD, DISTRICT JUDGE AD HOC

**********

## JIMMIE C. PETERS
## JUDGE

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Billy Howard Ezell, Judges.

**AFFIRMED.**

Gladstone N. Jones, III
Eberhard D. Garrison
H.S. Bartlett, III
Jones, Swanson, Huddell & Garrison, LLC
601 Poydras Street, Suite 2655
New Orleans, LA 70130
(504) 523-2500
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Marcus Broussard, Jr., et al.

**Stuart H. Smith**
**Michael G. Stag**
**Sean S. Cassidy**
**Smith Stag, LLC**
**365 Canal Street, Suite 2850**
**New Orleans, LA 70130**
**(504) 593-9600**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Marcus Broussard, Jr., et al.**

**Warren A. Perrin**
**Perrin, Landry, deLaunay, Dartez & Ouellet**
**251 La Rue France**
**Lafayette, LA 70505**
**(337) 233-5832**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Marcus Broussard, Jr., et al.**

**Al J. Robert, Jr.**
**643 Magazine Street, Suite 402**
**New Orleans, LA 70130**
**(504) 309-4852**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Marcus Broussard, Jr., et al.**

**Tobin J. Eason**
**Weiss & Eason, LLP**
**Post Office Box 8597**
**Mandeville, LA 70470**
**(985) 626-5358**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **M-I, LLC d/b/a M-I SWACO**

**Robert T. Stewart**
**301 Congress Avenue, Suite 2000**
**Austin, TX 78701**
**(512) 495-6426**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **M-I, LLC d/b/a M-I SWACO**

**Glen G. Goodier**
**Jones, Walker**
**201 St. Charles Avenue, 48th Floor**
**New Orleans, LA 70170-5100**
**(504) 582-8000**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Continental Insurance Company**
    **Fidelity & Casualty Company**

**Daniel C. Hughes**
**126 Heymann Boulavrd**
**Lafayette, LA 70503**
**(337) 237-6566**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Vista Resources, LLC**

**Gary P. Kraus**
**Onebane Law Firm**
**Post Office Box 3507**
**Lafayette, LA 70502-3507**
**(337) 237-2660**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Vista Resources, LLC**

**Kenneth B. Givens**
**Post Office Box 8597**
**Mandeville, LA 70471-2008**
**(985) 626-5358**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**M-I, LLC d/b/a M-I SWACO**

**John Y. Pearce, III**
**Andrew T. Lilly**
**1100 Poydras Street, 33rd Floor**
**New Orleans, LA 70163**
**(504) 585-3200**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Goldking Operating Company**
**Dune Energy, Inc.**

**Thomas M. McNamara**
**Johnson Gray McNamara, LLC**
**Post Office Box 51165**
**Lafayette, LA 70505**
**(337) 412-6003**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Atlantic Richfield Company**

**Robert T. Jorden, Jr.**
**Loulan J. Pitre, Jr.**
**Gordon Arata McCollam Duplantis & Eagan LLC**
**400 E. Kaliste Saloom, Suite 4200**
**Lafayette, LA 70508-8517**
**(337) 237-0132**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Atlantic Richfield Company**
**Cody Energy, LLC**

**George Arceneaux, III**
**Liskow & Lewis**
**Post Office Box 52008**
**Lafayette, LA 70505**
**(337) 232-7424**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Atlantic Richfield Company**
**Sinclair Oil Corporation**

**Bryan D. Scofield**
**Scofield & Rivera**
**Post Office Box 4422**
**Lafayette, LA 70502**
**(337) 235-5353**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Smith International**

**Kevin W. Trahan**
**Ottinger Hebert LLC**
**Post Office Drawer 52606**
**Lafayette, LA 70505-2606**
**(337) 232-2606**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Chevron USA, Inc.**
**Saltex Exploration**

**Erin F. Parkinson**
**McGlinchey Stafford**
**601 Poydras Street, 12th Floor**
**New Orleans, LA 70130**
**(504) 586-1200**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**National Union Fire Insurance Company**
**American Home Assurance Company**
**American International Insurance Company**

**John E. W. Baay, II**
**Gieger, Laborde & Laperouse, LLC**
**701 Poydras Street, Suite 4800**
**New Orleans, LA 70139-4800**
**(504) 561-0400**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Pacific Insurance Company**

**Andrew P. Sellers Jr.**
**Post Office Box 15948**
**Baton Rouge, LA 70895**
**(225) 928-1951**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Brammer Engineering, Inc.**

**PETERS, J.**

On November 21, 2012, this court rendered an opinion in this matter addressing the assignments of error raised by the plaintiffs remaining in this litigation, Whitestone, Inc. (Whitestone) and Vallee Land Company, LLC (Vallee Land). In doing so, we failed to address the assignments of error raised by the defendant, M-I, LLC (which does business as both M-I Drilling Fluids LLC and as M-I SWACO and will be collectively referred to herein as "M-I") in a separate appeal. We render this supplemental opinion for the limited purpose of addressing and disposing of those assignments of error. For the following reasons, we reject all the assignments of error raised by M-I in its appeal.

We have set the factual and procedural history out in detail in the original opinion and will not repeat that history in this supplemental opinion. It is sufficient to say that subsequent to the JNOV and new trial motion filed by Whitestone and Vallee Land, M-I filed a motion seeking to recover costs, interest, and attorney fees pursuant to La.Code Civ.P. art. 970. It based its claim on the plaintiffs' prior rejection of its August 14, 2008 settlement offer of $75,000.00. Because of the plaintiffs' rejection of that offer, M-I asserts that it subsequently incurred an additional $648,011.17 in litigation expenses. As an alternative claim for relief in its motion, M-I sought a judgment awarding it $237,398.46 in costs pursuant to La.Code Civ.P. art. 1920.

Following a hearing on M-I's motion, the trial court rejected the claim for litigation expenses based on the plaintiffs' rejection of M-I's previous settlement offer. However, the trial court did grant M-I's motion to assess the costs against the plaintiffs, but assessed only $9,500.00 in expert witness fees. After the trial

court executed a judgment on the motion on August 18, 2011, M-I perfected this appeal.

In its appeal, M-I raised its assignment of error in essay form:

Judge Arthur J. Planchard was manifestly erroneous in denying M-I's Offer of Judgment when ruling that C.C.P. Art. 970 does not apply when the defendant/offeror prevails at trial. Further, Judge Planchard was likewise incorrect in ruling that the Court would have to consider the offeree's perception of the reasonableness of an Offer of Judgment. The ruling ignores the very wording of the statute and also places the outcome of an Art. 970 offer within the personal whim/discretion of the offeree. The statute makes no such distinction.

Judge Planchard also ruled that the defendant was only entitled to nominal expert fees pursuant to M-I's Motion for Judgment for Taxation of Costs Pursuant to La. C.C.P. Art. 1920.

The Court awarded expert costs of approximately five percent (5%) of the expert fees submitted.

Further, Judge Planchard failed to place in the Judgment the actual court costs despite the awarding of court costs and despite proof/evidence in the record as to the precise number.

### *Offer of Judgment Issue*

Louisiana Code of Civil Procedure Article 970 provides:

A. At any time more than thirty days before the time specified for the trial of the matter, without any admission of liability, any party may serve upon an adverse party an offer of judgment for the purpose of settling all of the claims between them. The offer of judgment shall be in writing and state that it is made under this Article; specify the total amount of money of the settlement offer; and specify whether that amount is inclusive or exclusive of costs, interest, attorney fees, and any other amount which may be awarded pursuant to statute or rule. Unless accepted, an offer of judgment shall remain confidential between the offeror and offeree. If the adverse party, within ten days after service, serves written notice that the offer is accepted, either party may move for judgment on the offer. The court shall grant such judgment on the motion of either party.

B. An offer of judgment not accepted shall be deemed withdrawn and evidence of an offer of judgment shall not be admissible except in a proceeding to determine costs pursuant to this Article.

C. If the final judgment obtained by the plaintiff-offeree is at least twenty-five percent less than the amount of the offer of judgment

2

made by the defendant-offeror or if the final judgment obtained against the defendant-offeree is at least twenty-five percent greater than the amount of the offer of judgment made by the plaintiff-offeror, the offeree must pay the offeror's costs, exclusive of attorney fees, incurred after the offer was made, as fixed by the court.

D.  The fact that an offer is made but not accepted does not preclude a subsequent offer or a counter offer.  When the liability of one party to another has been determined by verdict, order, or judgment, but the amount or extent of the damages remains to be determined by future proceedings, either party may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than thirty days before the start of hearings to determine the amount or extent of damages.

E.  For purposes of comparing the amount of money offered in the offer of judgment to the final judgment obtained, which judgment shall take into account any additur or remittitur, the final judgment obtained shall not include any amounts attributable to costs, interest, or attorney fees, or to any other amount which may be awarded pursuant to statute or rule, unless such amount was expressly included in the offer.

F.  A judgment granted on a motion for judgment on an offer of judgment is a final judgment when signed by the judge; however, an appeal cannot be taken by a party who has consented to the judgment.

In *Cotton v. Delta Queen Steamboat Co.*, 09-736, pp. 12-14 (La.App. 4 Cir. 1/6/10), 36 So.3d 262, 271-72 (footnotes omitted) (alterations in original), the court stated:

The United States Supreme Court in *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981), narrowly and literally interpreted Fed.R.Civ.P. 68 as not applying to "a case in which judgment is entered against the plaintiff-offeree and in favor of the defendant-offeror."  The words "in favor of the defendant-offeror" clearly apply "only to offers made by the defendant and only to judgments obtained by the plaintiff."  The rule is "simply inapplicable to" a case in which "the defendant . . .. obtained the judgment." *Id.*

> [I]t does not apply to judgments in favor of the defendant or to judgments in favor of the plaintiff for an amount greater than the settlement offer. . . .  Thus unless we assume that the Federal Rules were intended to be biased in favor of defendants, we can conceive of no reason why defendants-and not plaintiffs-should be given an entirely risk-free method of denying trial judges the discretion

3

that Rule 54(d) confers regardless of the outcome of the litigation. *Id.* at 354-55, 101 S.Ct. 1146.

> *See also La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 333-34 (5th Cir., 1995) ("If a plaintiff takes nothing . . . Rule 68 does not apply . . . . [T]he rule is not applicable when a defendant actually prevails over the plaintiff"). *See also Louisiana Power & Light Co. v. Fischbach and Moore, Inc.*, 1992 WL 329489, p. 2 (E.D.La.1992); *Carino v. Walmart La., LLC*, 2007 WL 977553, pp. 1-2 (W.D.La.2007) ("Both the United States Supreme Court and the Fifth Circuit Court of Appeal have held that Rule 68 does not apply when the plaintiffs do not obtain a judgment against the offering defendant, but rather a verdict is entered in favor of the defendant. [citations omitted].")

La. C.C.P. art. 970 "is punitive in nature and therefore must be strictly construed." *Crawford v. United Service Auto. Ass'n.*, 03-2117, p. 5 (La.App. 1 Cir. 3/24/05), 899 So.2d 668, 671. There is no basis for us to apply the provisions of article 970 C more broadly or leniently than the United States Supreme Court applies rule 68. Accordingly, the trial court's judgment correctly rejected Delta Queen's demand for its post-offer litigation costs because Delta Queen had actually prevailed over Mr. Cotton.

In *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 667 F.3d 1022, 1050 (9th Cir. 2011) (alterations in original), the Ninth Circuit stated:

> Second, Veoh can recover Rule 68 costs only if it is not a prevailing defendant. In *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981), the Supreme Court held that Rule 68 "applies only to offers made by the defendant and only to judgments obtained by the plaintiff," and "therefore is simply inapplicable [where] it was the defendant that obtained the judgment." *See also Goldberg v. Pac. Indem. Co.*, 627 F.3d 752, 755 (9th Cir.2010) ("Rule 68 does not allow a defendant to recover costs when judgment is entered in the defendant's favor."). The Court observed that holding otherwise would create an odd system in which "any settlement offer, no matter how small, would apparently trigger the operation of the Rule," and "[t]hus any defendant, by performing the meaningless act of making a nominal settlement offer, could eliminate the trial judge's discretion under Rule 54(d)." *Delta*, 450 U.S. at 353, 101 S.Ct. 1146. *Delta* rejected such an understanding of Rule 68:
>
>> We cannot reasonably conclude that the drafters of the Federal Rules intended on the one hand affirmatively to grant the district judge discretion to deny costs to the prevailing party under Rule 54(d) and then on the other hand to give defendants—and only defendants—the power to take away that discretion by performing a token act.

4

*Id.; see also MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.,* 197 F.3d 1276, 1280 (9th Cir.1999) ("Where a defendant prevails after making an offer of judgment, 'the trial judge retains his Rule 54(d) discretion.' " (quoting *Delta*, 450 U.S. at 354, 101 S.Ct. 1146)).

In the matter before us, M-I prevailed on the merits. Therefore, La.Code Civ.P. art. 970 is not applicable. We find no error in the trial court's denial of M-I's motion on this issue.

### *Court Costs Issue*

Louisiana Code of Civil Procedure Article 1920 provides, "Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause. Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable." A trial court has "great discretion in awarding costs, including expert witness fees, deposition costs, exhibit costs, and related expenses." *Health Educ. and Welfare Fed. Credit Union v. Peoples State Bank*, 11-672, p. 17 (La.App. 3 Cir. 12/7/11), 83 So.3d 1055, 1064. Accordingly, we find no error in the trial court's award of $9,500.00 in expert witness fees.

As to the failure of the trial court to insert the actual amount of court costs, "despite proof/evidence in the record as to the precise amount[,]" we know of no law which requires the trial court to insert the actual amount of court costs a party is cast with other than La.R.S. 13:5112, which requires that the actual amount of court costs be inserted in a judgment finding a political subdivision liable.

### DISPOSITION

For the foregoing reasons, we affirm the trial court's judgment in favor of the plaintiffs and against M-I, LLC d/b/a M-I Drilling Fluids LLC and M-I SWACO, rejecting its request for litigation expenses pursuant to La.Code Civ.P. art. 970. We further affirm the trial court judgment assessing court costs against

5

the plaintiffs, but setting expert witness fees at $9,500.00. We also reject the request of M-I, LLC, d/b/a M-I Drilling Fluids LLC and M-I SWACO, to require the trial court to place a specific dollar amount for court costs in the final judgment. We assess all costs of this separate appeal to M-I, LLC d/b/a M-I Drilling Fluids LLC and M-I SWACO.

**AFFIRMED.**