STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1240

WILLIE J. ZENO, SR.

VERSUS

JOSLYN RENEE ALEX

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2010-0921
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, James T. Genovese, and Shannon J. Gremillion, Judges.

AFFIRMED.

Jo Ann Nixon
Glenda August & Assoc.
129 West Pershing Street
New Iberia, LA 70560
Telephone:  (337) 369-7437
COUNSEL FOR:
        Defendant/Appellee - Joslyn Renee Alex

Willie J. Zeno, Sr.
133 Ambroise Street
Lafayette, LA 70501
Telephone:  (337) 591-9411
In Proper Person
        Plaintiff/Appellant - Willie J. Zeno, Sr.

**THIBODEAUX, Chief Judge.**

The plaintiff, Willie J. Zeno, Sr., appeals a judgment granting an exception of prescription in favor of the defendant, Joslyn Renee Alex. We affirm.

I.

## ISSUES

We must decide whether the trial court erred in granting the defendant's exception of prescription.

II.

## FACTS AND PROCEDURAL HISTORY

Willie Zeno, Sr. filed a Workers' Compensation claim against his employer for an injury in 1989. A trial date was set for March 1992. Mr. Zeno's attorney withdrew from the case two days before trial. Mr. Zeno hired the defendant, Joslyn Alex, on March 10, and he and Ms. Alex appeared for trial on March 11, 1992.

Mr. Zeno filed suit against Ms. Alex on February 9, 2010, for legal malpractice and fraud.[1] He alleges that Ms. Alex mishandled a settlement conference on the trial date of March 11, 1992, and continued the trial until May 20, 1992,

---

[1]In connection with the 1989 Workers' Compensation injury, Mr. Zeno has unsuccessfully sued his first attorney, Warren Perrin, his employer's defense attorney, Charles Foret, and the Workers' Compensation Judge, Sheral C. Kellar. Mr. Zeno also sued his employer for fraud in *Zeno v. Flowers Baking Co.*, 10-1413 (La.App. 3 Cir. 4/6/11), 62 So.3d 303, *writ denied*, 11-1234 (La. 9/23/11), 69 So.3d 1161. There, we found insufficient evidence of fraud and affirmed the employer's exceptions of prescription and res judicata. We also found "repetitive and duplicitous actions" constituting "an abuse of the judicial system," and we affirmed an award of sanctions against Mr. Zeno in the amount of $500.00. *Zeno*, 62 So.3d at 307. The current record indicates that Mr. Zeno has continued his pattern of repetitive, duplicitous filings and judicial abuse. While we believe that sanctions are again needed, we will not impose them in this case for procedural reasons.

However, we note that Mr. Zeno's duplicity is even more egregious because his papers are fraught with inaccurate dates and careless references; they contain an extraordinary number of attachments that cannot be reviewed by this court unless they are already in the record. Specifically in violation of Uniform Rules—Courts of Appeal, Rule 2–12.4, none of Mr. Zeno's arguments and factual accounts are clear, concise, and confined strictly to the issues of the case; and none are supported with citations to the pages in the record. Pursuant to Rule 2–12.4, we can disregard any argument on an assigned error that does not include a suitable reference by volume and page number to the place in the appeal record containing the basis for the error.

without informing him and without getting the continuance in writing. He asserts that no trial took place on May 20, 1992, in spite of a February 8, 1993 judgment in favor of his employer referencing that trial date. Mr. Zeno further asserts that Ms. Alex mishandled the appeal in 1993 and that her actions and inactions constituted fraud. Ms. Alex filed numerous exceptions including exceptions of prescription and peremption.

On June 28, 2010, the trial court heard Mr. Zeno's rule to provide documentary proof of the settlement attempts, the continuance in March 1992, and a transcript of the trial on May 20, 1992. The defendant, Ms. Alex, appeared in proper person and explained that no one, including the Workers' Compensation offices in Lafayette and Lake Charles, and the defense attorney, Mr. Foret, had been able to find the transcript from eighteen years before. The trial court found that Ms. Alex had supplied all of the documents that she had and told Mr. Zeno to set the matter for trial.

Following a hearing on February 28, 2011, the trial court granted Ms. Alex's exception of prescription. Mr. Zeno filed this appeal. For the following reasons, we affirm the trial court's July 2011 judgment granting Ms. Alex's exception of prescription.[2]

III.

## STANDARD OF REVIEW

An appellate court may not set aside a trial court's findings of fact in the absence of manifest error or unless it is clearly wrong. *Stobart v. State, Through*

---

[2]After filing his appeal with this court, Mr. Zeno filed a "Motion to Dismiss the Appeal as Moot." Since Mr. Zeno *is* the appellant, we can only interpret his motion as supplemental argument for overturning the *judgment*, not his own appeal, now under review. Principally, Mr. Zeno argues that the judgment is "moot" because it refers to a hearing on May 16, 2011, while the actual hearing on prescription was held on February 28, 2011. The judgment is not moot for that reason. While it is true that the judgment does reflect the wrong hearing date, the error is harmless. We had already ordered the trial court to supplement the record with the transcript from the February 28, 2011 hearing, which we received and reviewed.

Because we have found that Mr. Zeno's suit against Ms. Alex has prescribed, we will not address his "subpoena" to this court for the production of documents.

2

*DOTD*, 617 So.2d 880 (La.1993). Reversible errors of law are reviewed de novo. *Rosell v. ESCO*, 549 So.2d 840 (La.1989).

## IV.

## LAW AND DISCUSSION

Mr. Zeno contends that the trial court erred in granting Ms. Alex's exception of prescription and in dismissing his suit against her for legal malpractice. He argues that Ms. Alex committed fraud in 1992 during her representation of him and that peremption under La.R.S. 9:5605 does not apply in cases of fraud. This is an incorrect statement of the law. Louisiana Revised Statutes 9:5605, addressing all actions for legal malpractice, provides as follows:

> A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

> B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. However, with respect to any alleged act, omission, or neglect occurring prior to September 7, 1990, actions must, in all events, be filed in a court of competent jurisdiction and proper venue on or before September 7, 1993, without regard to the date of discovery of the alleged act, omission, or neglect. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the

3

meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

C. Notwithstanding any other law to the contrary, in all actions brought in this state against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional law corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, the prescriptive and peremptive period shall be governed exclusively by this Section.

D. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.

E. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.

Based upon Subsections (A) through (D) above, an action for legal malpractice must be brought, at the latest, within three years of the date of the alleged malpractice, regardless of when the act of malpractice was discovered. According to Mr. Zeno, Ms. Alex mishandled the settlement conference and continuance in March of 1992, the trial in May of 1992, and the appeal in 1993. Thus, suit should have been filed under those subsections no later than 1996. Mr. Zeno filed suit against Ms. Alex on February 9, 2010, seventeen years after the alleged acts and fourteen years after the deadlines for filing pursuant to La.R.S. 9:5605(A) through (D).

Mr. Zeno argues that his malpractice claim has not prescribed because Ms. Alex's actions constituted fraud, which, according to him, never prescribes under La.R.S. 9:5605(E). This is not a correct statement of the law. We have held that Subsection (E) of the statute provides that the three-year peremptive period of Subsection (A) does not apply in cases of fraud, but the one-year peremptive period, from the date of the discovery of the fraud, does apply. *Dauterive Contractors, Inc. v.*

4

*Landry and Watkins*, 01-1112 (La.App. 3 Cir. 3/13/02), 811 So.2d 1242. Claims against attorneys, including claims for fraud, still must be brought under the statute, pursuant to La.R.S. 9:5605(C). At the oral argument of his appeal before this court, Mr. Zeno asserted that he discovered the "fraud" when he was in paralegal school in 1995 or 1996. Based upon this assertion, he should have brought suit no later than 1997.

To the extent that Mr. Zeno argues a continuing tort, the Louisiana Supreme Court has held that *contra non valentum* does not apply to peremption. *Reeder v. North*, 97-239 (La. 10/21/97), 701 So.2d 1297.

V.

## CONCLUSION

Based upon the foregoing, we affirm the July 5, 2011 judgment of the trial court granting Ms. Alex's exception of prescription. All costs of this appeal are assessed against Mr. Zeno.

**AFFIRMED**.