# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 13-1267

**WILLIE J. ZENO, SR.**

**VERSUS**

**JO ANN NIXON**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2012-1015
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and James T. Genovese, Judges.

**AFFIRMED.**

**Jo Ann Nixon**
**In Proper Person**
**129 West Pershing Street**
**New Iberia, LA 70560**
**Telephone:  (337) 369-7437**
        **Defendant/Appellee**

**Willie J. Zeno, Sr.**
**In Proper Person**
**133 Ambroise Street**
**Lafayette, LA 70501**
**Telephone:  (337) 591-9411**
        **Plaintiff/Appellant**

**THIBODEAUX, Chief Judge.**

The plaintiff, Willie J. Zeno, Sr., appeals a judgment dismissing his legal malpractice suit and granting the exception of prescription filed by the defendant, Jo Ann Nixon. Where the actions complained of occurred in the 1990s, we affirm the judgment granting Ms. Nixon's exception of prescription, and we affirm the trial court's denial of a new trial.

I.

**ISSUES**

We must decide whether the trial court manifestly erred in granting the defendant's exception of prescription and in denying the plaintiff's motion for a new trial.

II.

**FACTS AND PROCEDURAL HISTORY**

Mr. Zeno, a pro se plaintiff, is appearing before this court on the same or related matter for the fifth time. He filed the present suit against Ms. Nixon on February 17, 2012. Ms. Nixon is an attorney. She represented Mr. Zeno in a social security disability matter that resolved unfavorably for him in 1996. Ms. Nixon was recommended to Mr. Zeno by his former attorney, Joslyn Renee Alex, who had represented Mr. Zeno in a workers' compensation matter in 1991 and 1992, which also resolved unfavorably for Mr. Zeno. Mr. Zeno has sued almost every attorney and judge connected with the matters, as well as the Office of Disciplinary Counsel. When he sued Ms. Alex in 2010 for legal malpractice in handling the workers' compensation claim, Ms. Nixon represented Ms. Alex. Mr.

Zeno's current suit asserts that Ms. Nixon had a conflict of interest and should not have defended Ms. Alex in that malpractice suit because Ms. Nixon had previously represented him.

Ms. Nixon filed exceptions of insufficiency of service, unauthorized use of summary proceedings, vagueness, prescription, and no cause of action. At the hearing on the exceptions, the trial court explained that a conflict of interest claim involved attorney conduct and is properly directed to the Office of Disciplinary Counsel. Mr. Zeno asserted that he had filed claims there as well. He then proceeded with a legal malpractice claim against Ms. Nixon. The trial court granted Ms. Nixon's exception of prescription in open court at the end of the hearing. Her final judgment indicated that she granted the exceptions of prescription and no cause of action. Mr. Zeno appealed.

III.

**STANDARD OF REVIEW**

An appellate court may not set aside a trial court's findings of fact in absence of manifest error or unless it is clearly wrong. *Stobart v. State, Through DOTD*, 617 So.2d 880 (La.1993); *Rosell v. ESCO*, 549 So.2d 840 (La.1989). Even where the appellate court believes its inferences are more reasonable than the fact finders, reasonable determinations and inferences of fact should not be disturbed on appeal. *Arceneaux v. Domingue*, 365 So.2d 1330 (La.1978).

IV.

## LAW AND DISCUSSION

### *Conflict of Interest*

The current suit was brought in 2012 against Ms. Nixon for her representation of Ms. Alex in 2010. Ms. Nixon and Mr. Zeno did not have an attorney-client relationship in 2010, nor had they had an attorney-client relationship for fourteen years, since 1996. We find, as the trial court found, that Mr. Zeno's assertions regarding the conflict of interest issue are governed by the Office of Disciplinary Counsel. Mr. Zeno indicated that he had pending claims there which he filed in 2012. The trial court was correct in stating that she did not have jurisdiction to hear the conflict of interest matter. To the extent the conflict of interest issue may arguably pertain to Mr. Zeno's legal malpractice claim, that claim is now prescribed, as discussed below.

### *Legal Malpractice*

Mr. Zeno has made overly burdensome assertions in the current petition that toggle back and forth between the workers' compensation matter and the social security disability matter, both of which resolved in the 1990s. He now attempts to combine the separate matters into one, and he asserts that both women represented him in both matters. He demands documentation from Ms. Alex, even though she is not a party to this suit. In fact, we affirmed the dismissal of his legal malpractice suit against Ms. Alex in 2012. *See Zeno v. Alex*, 11-1240 (La.App. 3 Cir. 4/4/12), 89 So.3d 1223. He makes demands of Ms. Nixon for the return of records, but he attaches a 1996 ten-page decision from the Social Security Administration explaining exactly why his claim was denied. All pertinent

3

assertions regarding the mishandling of his workers' compensation suit and the social security disability claim are assertions of legal malpractice.

"In order to establish a claim for legal malpractice, a plaintiff must prove that (1) there was an attorney-client relationship; (2) the attorney was negligent in his representation of the plaintiff; and (3) the plaintiff sustained a loss as a result of the attorney's negligence." *Waste Mgmt. of Louisiana, LLC v. Penn-America Ins. Co.*, 12-1033, pp. 3-4 (La.App. 3 Cir. 2/6/13), 110 So.3d 200, 203, *writ denied*, 13-526 (La. 4/12/13), 111 So.3d 1009 (citing *Costello v. Hardy*, 03-1146 (La. 1/21/04), 864 So.2d 129, and *Morgan v. Simon*, 00-1556 (La.App. 3 Cir. 2/28/01), 780 So.2d 626).

The attorney-client relationship that Mr. Zeno had with Ms. Nixon ended in 1996. Under La.R.S. 9:5605, his malpractice claims against Ms. Nixon have prescribed:

> A. No action for damages against any attorney at law duly admitted to practice in this state . . . whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

The prescription periods set forth in this statute are peremptory. *Atlas Iron and Metal Co. v. Ashy*, 05-458 (La.App. 3 Cir. 1/4/06), 918 So.2d 1205. Accordingly, both the underlying cause of action and the legal right to bring that cause of action to court dissolve at the end of the specified periods of limitation. *Id.* The evidence indicates that Ms. Nixon's representation of Mr. Zeno ended in

1996. Thus, he had until 1999 at the latest to file suit against her. Mr. Zeno did not bring the applicable claims during the peremptive period, and he no longer has a cause of action or a right of action against her.

To the extent that Mr. Zeno asserts fraud and argues that fraud claims do not prescribe, he is incorrect. While Subsection La.R.S. 9:5605(E) provides that the three-year peremptive period of Subsection (A) does not apply in cases of fraud, the one-year peremptive period from the date of discovery of the fraud does apply. *Dauterive Contractors, Inc. v. Landry and Watkins*, 01-1112 (La.App. 3 Cir. 3/13/02), 811 So.2d 1242. Mr. Zeno now seems to assert that Ms. Nixon was involved in the workers' compensation claim in 1992. In his prior appeal before this court, regarding Ms. Alex's exception of prescription, Mr. Zeno said he suspected fraud in 1995 or 1996 after enrolling in paralegal school. We have already held that claims for fraud in the workers' compensation suit have prescribed. *See Zeno v. Alex*, 89 So.3d 1223.

Mr. Zeno asserts on appeal, though not in his petition, that he is alleging theft and misappropriation of funds under La.R.S. 9:5605.1, and that his 2012 claim against Ms. Nixon in the Office of Disciplinary Counsel interrupted prescription against her. This argument is also without merit. There is nothing in the record to document a claim with the Office of Disciplinary Counsel for theft and misappropriation of funds against Ms. Nixon. Therefore, he has failed to establish that La.R.S. 9:5605.1 applies. *See McKinley v. Scott*, 44-414 (La.App. 2 Cir. 7/15/09), 17 So.3d 81. Additionally, prescription cannot be interrupted if it has already run. Moreover, there was no money involved in the social security disability matter to be stolen or misappropriated.

All of Mr. Zeno's claims have prescribed. If applicable, an action against an attorney for the return of papers is subject to a liberative prescription of three years, pursuant to La.Civ.Code art. 3496. Whether viewed as a fiduciary's simple negligence or delict with a one-year prescriptive period under La.Civ.Code art. 3492, or as a fiduciary's contractual or deliberate act with a ten-year prescriptive period under La.Civ.Code art. 3499, the acts complained of occurred eighteen years ago. *See dela Vergne v. dela Vergne,* 99-364 (La.App. 4 Cir. 11/17/99), 745 So.2d 1271. Thus, all claims for negligence or intentional acts, fraud, misappropriation, conversion, tort, breach of duty, and breach of contract are prescribed. Moreover, they had prescribed in 2010 when Mr. Zeno brought suit against Ms. Alex and when Ms. Nixon represented Ms. Alex in that suit.

### *The Trial Court's Judgment*

At the end of the trial of the exceptions on February 19, 2013, the trial court orally granted Ms. Nixon's exception of prescription and asked her to prepare a judgment and submit it to Mr. Zeno before filing it. In July 2013, Mr. Zeno filed a rule to show cause why Ms. Nixon should not be held in contempt and sanctioned for not submitting the written judgment. The written judgment was prepared by the trial judge herself on August 28, 2013.

The hearing on the rule to show cause was held on September 3, 2013. Counsel for Ms. Nixon indicated that he thought a judgment was handed to the judge at the end of the exception hearing in February. The trial court explained that she did not find a judgment in the record, and she therefore drafted and issued her own judgment on August 28, 2013, which was her practice to do if the parties failed to submit a judgment of their own. Mr. Zeno argued that the August 28

6

judgment was signed over forty-five days after the February hearing and that it was, therefore, null and void. The trial court disagreed, as do we, as will be fully explained below. Mr. Zeno attempted to have the court accept a judgment he had prepared. The trial court refused, stating that she had prepared the August 28 judgment and the case was dismissed.

Two days later, on September 5, 2013, Mr. Zeno filed a motion for a new trial, which the trial court denied. His motion for a new trial mentioned La.Code Civ.P. arts. 1972[1] and 1973,[2] but did not apply them. Instead of addressing the issue of prescription on a malpractice claim, his motion focused on procedurally attacking the timeliness of the trial court's written judgment of August 28, the same issue complained of in the rule to show cause which was heard on September 3.[3]

Pursuant to La.Code Civ.P. art. 1911: "Except as otherwise provided by law, every final judgment shall be signed by the judge. For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment

---

[1]Pursuant to the pertinent parts of La.Code Civ.P. art 1972, a new trial is granted when the "judgment appears clearly contrary to the law and the evidence" or when the mover discovers after trial "evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial." La.Code Civ.P. art. 1972(1)-(2).

[2]Under La.Code Civ.P. art. 1973, the trial court has discretion to grant a new trial if there is "good ground therefor" unless contrary law provides otherwise.

[3]Notwithstanding the trial court's refusal to accept Mr. Zeno's prepared judgment at the September 3 hearing on the rule to show cause, Mr. Zeno filed a judgment on September 9, 2013, into the record which addresses the February hearing on the exception. It does not accurately reflect the oral judgment entered by the trial court at the end of the hearing; rather, it favors Mr. Zeno. The trial court marked through the entire page and wrote "denied" at the top of his judgment. The record indicates that Mr. Zeno is appealing this September 9 judgment, submitted by him, along with the trial court's August 28 judgment. On September 10, 2013, the trial court signed an order, submitted also by Mr. Zeno, regarding the nullity of her August 28 judgment. The court again marked through the text, which was favorable to Mr. Zeno, and wrote "denied" at the top of the order. Because the September 9 judgment and the September 10 order were filed after the motion for a new trial, we will treat them as rulings on the motion for a new trial, and we affirm the court's denial of a new trial.

until the requirement of this Article has been fulfilled." Thus, a judgment must be written and signed in order to file an appeal. While other delay periods, such as the time for filing a motion for a new trial and the time for filing a motion for appeal, begin to run when the final judgment is signed and certified as mailed, the signing of the judgment itself is not subject to a specific time restriction. The 1960 OFFICIAL REVISION COMMENTS to La.Code Civ.P. art. 1911 state:

> (a) While the rule of this article is substantially the same as the former rule on the subject, the articles in this Chapter make a radical change in the rules respecting the time when judgments may and shall be signed.
>
> Under the articles in this Chapter, judgments are to be signed at the time of rendition or at any time thereafter. No time limit for the signing is imposed in any of these articles, but it is contemplated that all judgments will be signed within a reasonable time after rendition, which in turn depends upon the circumstances.

The 1999 amendment to La.Code Civ.P. art. 1911 only clarified the law as to partial judgments under Article 1915; it did not change or affect the salient issues under review. Under La.R.S. 13:4207, the maximum delay for rendering a written judgment on a case taken under advisement is thirty days from the time the case is submitted for a decision, with a ten-day extension under certain circumstances. However, this case was not taken under advisement. Here, the trial judge orally granted the exception at the end of the hearing. Therefore, La.R.S. 13:4207 is not applicable. We could find no statute or article to support the forty-five day delay period that Mr. Zeno asserts in this case, and he has not cited a statute that supports his argument.

Moreover, Mr. Zeno has not been prejudiced by the timing of the written judgment. Under La.Code Civ.P. art. 1974, the delay for applying for a new trial is seven days after the notice of judgment is mailed. The trial judge

mailed her August 28 judgment and notice of the judgment on August 30, 2013. Mr. Zeno filed his motion for new trial on September 5, 2013. He subsequently filed a motion for appeal, which was granted without opposition, and we are here reviewing the appeal. The purpose of the notice of written judgment is to protect the litigant's rights to apply for a new trial and to petition for an appeal. *See Hertz Lease Plan, Inc. v. Urban Transp. & Planning Assocs., Inc.*, 342 So.2d 886 (La.App. 4 Cir.), *writ denied*, 344 So.2d 1054 (La.1977), and *X-L Finance Co. v. Hollinger*, 185 So.2d 873 (La.App. 3 Cir. 1966). Accordingly, Mr. Zeno has not been prejudiced as he was not prevented from filing a motion for a new trial or an appeal. We find no violation of the relevant article, La.Code Civ.P. art. 1911. Even if the six-month period between the oral judgment and the written judgment were viewed as unreasonable, any untimeliness of the written judgment was harmless.

Trial court is accorded vast discretion in deciding whether to grant a motion for a new trial under La.Code Civ.P. arts 1972 and 1973; its decision whether to do so is reviewed pursuant to the abuse of discretion standard of review. *G.S. v. T.S.*, 04-1566 (La.App. 3 Cir. 4/13/05), 900 So.2d 1088. Here, Mr. Zeno presented no new evidence on the prescription issue, and he failed to show that the judgment granting the exception was contrary to the law and the evidence. Accordingly, we find no abuse of discretion in the denial of a new trial.[4]

---

[4]The record does not indicate that a hearing was held after Mr. Zeno filed his motion for a new trial on September 5. While La.Code Civ.P. art. 1976 references a hearing, we are guided by the jurisprudential exception "whereby a motion for new trial may be summarily denied in the absence of a clear showing in the motion of facts or law reasonably calculated to change the outcome or reasonably believed to have denied the applicant a fair trial." *Lopez v. Wal-Mart Stores, Inc.*, 94-2059, p. 9 (La.App. 4 Cir. 8/13/97), 700 So.2d 215, 220, *writ denied*, 97-2522 (La. 12/19/97), 706 So.2d 457 (citing *Sonnier v. Liberty Mut. Ins. Co.*, 258 La. 813, 248 So.2d 299 (1971), and *Allen v. Noble Drilling, Inc.*, 93-2383 (La.App. 4 Cir. 05/26/94), 637 So.2d 1298). Moreover, because Mr. Zeno's September 5 motion for a new trial substantively tracked

V.

## **CONCLUSION**

Based upon the foregoing, we affirm the judgment of the trial court granting the exception of prescription in favor of the defendant, Jo Ann Nixon, and we affirm the denial of a new trial. All costs of this appeal are assessed to the plaintiff, Willie J. Zeno, Sr.

**AFFIRMED**.

---

his rule to show cause, which was heard by the court two days earlier on September 3, the substance of the motion for a new trial was the subject of a contradictory hearing.