# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-712


TWO OIL SERVICES, LLC

VERSUS

SIMONS PETROLEUM, LLC, ET AL.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF CAMERON, NO. 1019205
HONORABLE PENELOPE RICHARD, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ELIZABETH A. PICKETT
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

Amy, J., concurs in the result.


**REVERSED AND REMANDED.**

Michael W. Magner, T.A.
Donald W. Washington
Virginia W. Gundlach
Blaire B. Suire
Jones, Walker LLP
201 St. Charles Avenue-49th Floor
New Orleans, Louisiana 70170-5100
(504) 582-8316
COUNSEL FOR DEFENDANT-APPELLANT:
    Simons Petroleum, LLC

**J. Bryan Jones, III**
**Attorney at Law**
**Post Office Box 4540**
**Lake Charles, LA 70601**
**(337) 433-5588**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
    **Two Oil Services, LLC**

**PICKETT, Judge.**

After a default judgment was confirmed against Simons Petroleum, LLC (Simons), it filed a motion for new trial that the trial court denied. Simons now appeals the default judgment and the denial of its motion for new trial. For the following reasons, the judgment is reversed, and the matter is remanded for further proceedings.

## FACTS

In July 1999, Two Oil Services, L.L.C. (Two Oil) entered into a Facilities Utilization Agreement (Utilization Agreement) with J.A. Pallet Company, Inc. and J.C.B. Marine Rentals, Inc. (collectively, Pallet), wherein Pallet granted Two Oil use and access to portions of its shore-based facility in Cameron Parish to put Two Oil's fuel equipment on the facility for the purpose of selling fuel and lubricants. By a Second Addendum, dated February 4, 2000, the original five-year term of the Utilization Agreement was extended until February 28, 2010, with the option to renew for three successive five-year periods upon mutual agreement of the parties as to terms and conditions.

On November 11, 2002, Two Oil and Simons entered into a Purchase, Assignment and Facilities Management Agreement (Assignment and Management Agreement) whereby Two Oil sold all of its fuel and lubricants inventory to Simons, assigned all of its rights in the Utilization Agreement to Simons, and leased its fueling equipment and tankage to Simons. In exchange, Simons agreed to pay Two Oil a 40% share of the net profits from the fuel dock operations and a fee of $0.10 per gallon of lubricant.

In a Third Addendum to the Utilization Agreement, Pallet agreed that if Simons purchased all of Two Oil's equipment and tankage before February 28, 2010, it could renew the first five-year option on the same terms as provided under the Utilization Agreement, by providing ninety (90) days prior written notice. The second and third renewals remained subject to the parties reaching mutually agreeable terms and conditions as provided in the first and second Utilization Agreements. Two Oil was not a party to the Third Addendum.

On November 30, 2009, Two Oil agreed to sell Simons the equipment it leased to Simons under the Assignment and Management Agreement for a purchase price of $175,000.00, which was represented by a promissory note. The promissory note was payable in quarterly installments of $10,000.00 each on the last day of each quarter beginning March 31, 2010, and continuing on the last day of each quarter until December 31, 2014. At that time, any unpaid principal and interest became due and payable. The promissory note provided for 5% per annum interest, unless any amount was not paid when due. In that event, the unpaid balance would accrue interest at a rate of 10%. Two Oil had the right to declare the entire indebtedness immediately due and payable "if not paid within ten (10) days after written demand."

On June 25, 2013, Two Oil filed this suit against Simons and Pallet. In its petition, Two Oil alleged that Simons' payments on the promissory note were "fully paid until no quarterly payment was received on March 31, 2013" and that because the March 31, 2013 payment was not received, Simons owed Two Oil the balance on the note, $75,459.00, plus 10% per annum interest, reasonable attorney's fees, court costs, and other collection expenses. Two Oil further alleged that Simons was in breach of its contracts and in breach of the fiduciary

responsibility it owed Two Oil for failing to secure renewal of the Utilization Agreement and failing to ensure that its operations continued.

On July l, 2013, Simons was served through its agent for service of process. Simons did not file an answer or otherwise respond to the suit, and a preliminary default was on November 19, 2013. Thereafter, on December 11, 2013, a confirmation hearing was held. At the conclusion of the hearing, judgment confirming the default was rendered in favor of Two Oil. The judgment awarded Two Oil $75,459.00, plus 10% interest per year, beginning January 1, 2013, and attorney's fees in the amount of $20,618.85, plus legal interest from the date of the judgment on the promissory note. The judgment also awarded Two Oil damages in the amount of $1,064,469.00, plus legal interest from the date of judicial demand on its breach of contract claim and all costs of the proceeding.

Simons filed a motion for new trial and to set aside the default judgment and peremptory exceptions of prescription and no cause of action. After a hearing, the trial court denied the motion for new trial and the exceptions. Simons appealed the judgment.

## ASSIGNMENTS OF ERROR

Simons' appeal presents the following issues for review:

1. Did the trial court err in entering a default judgment against Simons on the [p]romissory [n]ote and denying a new trial, when Simons showed that the principal amount was unsupported, the penalty interest of 10% was awarded for a time period when the note was not in default, and the award of $20,618.85 in attorney's fees was unsupported by evidence of its reasonableness and is manifestly erroneous under Louisiana law.

2. Did the trial court err in granting a default judgment in favor of Two Oil for $1,064,468.00, plus legal interest, for lost profits through 2025 and compound that error by denying Simons' motion for new trial, peremptory exceptions of no cause of action

3

and prescription when: 1) Simons had no contractual obligation to exercise an option to renew the Utilization Agreement[,] and therefore, Two Oil has no cause of action for breach of contract; 2) Simons had no fiduciary duty to renew because the parties expressly agreed there was no fiduciary relationship between them[,] and therefore, Two Oil has no cause of action for breach of fiduciary duty; 3) even assuming a fiduciary duty existed, the claim is prescribed on the face of the petition; 4) the parties expressly agreed that neither would be entitled to consequential damages, including loss of profits, and therefore, the award was erroneous; 5) Simons did in fact exercise its right to renew, which Pallet dishonored, and therefore, the premise of Two Oil's claim is incorrect; and 6) the opinion of Dr. Bettinger regarding past, present, and future lost profits was based on erroneous assumptions and the existence of two legally invalid renewal options.

## STANDARD OF REVIEW

Appellate review of default judgments is limited to a determination of whether the evidence offered in support of the judgment was sufficient to prove the plaintiff's claims. *Bordelon v. Sayer*, 01-717 (La.App. 3 Cir. 3/13/02), 811 So.2d 1232, *writ denied*, 02-1009 (La. 6/21/02), 819 So.2d 340. This determination is factual and governed by the manifest error standard of review. *Id*. The standard of review for the denial of a motion for new trial is abuse of discretion. *Zeno v. Nixon*, 13-1267 (La.App. 3 Cir. 3/12/14), 133 So.3d 1285.

## DISCUSSION

Pursuant to La.Code Civ.P. art. 1001, a defendant's failure to file an answer within fifteen days after service of citation exposes the defendant to a judgment of default, unless he files an exception prior to answer or the trial court grants additional time for answering upon motion. Notwithstanding the specified delay periods for answering, a "defendant may file his answer at any time prior to confirmation of a default judgment against him." La.Code Civ.P. art. 1002.

4

When the defendant fails to timely file an answer, a default judgment may be obtained against him by oral motion in open court or by written motion, entered in the minutes of the court; the judgment consists merely of a minute entry. La.Code Civ.P. art. 1701(A). The judgment of default may then be confirmed two days, exclusive of holidays, after the entry of the default judgment. La.Code Civ.P. art. 1702(A).

Confirmation of a default requires "proof of the demand that is sufficient to establish a prima facie case" with admissible evidence. La.Code Civ.P. art. 1702(A). The elements of a prima facie case must be established "with competent evidence, as fully as though each of the allegations in the petition [was] denied by the defendant." *Sessions & Fishman v. Liquid Air Corp.*, 616 So.2d 1254, 1258 (La.1993) (quoting *Thibodeaux v. Burton*, 538 So.2d 1001, 1004 (La.1989)). Accordingly, "the plaintiff must present competent evidence that convinces the court it is probable that he would prevail on a trial on the merits." *Thibodeaux*, 538 So.2d at 1004. A plaintiff seeking to confirm a default must prove both the existence and the validity of his claim. A default judgment cannot "be different in kind from what is demanded in the petition[,]" and any damages sought to be recovered must be "proven to be properly due." La.Code Civ.P. art. 1703.

Although no opponent is present at the confirmation hearing, the plaintiff must follow the rules of evidence. La.Code Evid. art. 1101(A)(1). A default judgment is presumed to be supported by sufficient evidence; however, the presumption "may be rebutted by the record upon which the judgment is rendered." *Arias v. Stolthaven New Orleans, L.L.C.*, 08-1111, p. 8 (La. 5/5/09), 9 So.3d 815, 820. On appeal, review of a default judgment "is restricted to

5

determining the sufficiency of the evidence offered in support of the judgment" under the manifest error standard of review. *Id*. at 818.

Pursuant to La.Code Civ.P. art. 1702, the plaintiff confirming a default judgment based on a conventional obligation is allowed to prove his claim with affidavits and exhibits. Affidavits and exhibits that "contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand." La.Code Civ.P. art. 1702(B)(1). When the suit seeks to recover the amount due on a promissory note, "an affidavit of the correctness thereof shall be prima facie proof." La.Code Civ.P. art. 1702(B)(3). Oral testimony may also be required by the trial court before it will award the plaintiff judgment. La.Code Civ.P. art. 1702(B)(1).

### Was the Default Judgment on the Promissory Note Supported by Prima Facie Evidence?

Simons' promissory note was in the principal amount of $175,000.00. Under the terms of the promissory note, the $175,000.00 debt together with interest at the rate of 5% per annum beginning January 1, 2010, would be repaid with $10,000.00 quarterly installments commencing March 31, 2010, and ending December 31, 2014. Two Oil alleged in its petition that Simons' payments on the promissory note were "fully paid until no quarterly payment was received on March 31, 2013." Two Oil submitted the affidavit of Kelly Doyle Stephens to prove its claims. In his affidavit, Mr. Stephens stated that the principal balance due after the March 31, 2013 payment was not received was $75,459.00.

Simons argues that based on Mr. Stephens' affidavit, the principal balance on the promissory note was $55,000.00, not $75,459.00. As noted by Two Oil, this argument fails to account for the accrual of interest at the rate of 5% per annum as

provided in the promissory note. Nonetheless, we conclude that the affidavit submitted by Two Oil fails to establish Simons' indebtedness on the promissory note as fully as though Simons denied each of the allegations in the petition because, while it does state the principal balance due, it does not reflect the calculation of interest or the application of payments against the principal and accrued interest. Considering the terms of the promissory note and Simons' payments, we find Mr. Stephens' affidavit to be insufficient proof of the balance due on the note. Accordingly, that portion of the judgment awarding Two Oil $75,549.00 on Simons' promissory note is manifestly erroneous, and the trial court abused its discretion in denying Simons' motion for new trial on this issue.

The judgment also awards Two Oil 10% interest per year, beginning January 1, 2013, on the $75,459.00 awarded as principal due. The promissory note provides for interest "on the unpaid principal amount from January 1, 2010, until payment in full at the rate of 5% per annum" and further provides: "Any amount not paid when due shall accrue interest at a rate of 10% per annum."

Simons contends that the balance due on the promissory note should not bear 10% interest until after the March 31, 2013 payment was not paid because Two Oil admitted that all previous payments were "fully paid." Pursuant to the terms of the promissory note and Two Oil's admission that all payments due before March 31, 2013, were paid, the promissory note continued to accrue interest at the rate of 5% per annum until after the payment due March 31, 2013, was not made. Accordingly, Simons failed to present prima facie proof that interest began accruing at the rate of 10% per annum on the unpaid principal balance until after the March 31, 2013 payment was not paid, and the trial court erred in denying Simons' motion for new trial on this issue.

*Attorney's Fees*

Two Oil sought and was awarded attorney's fees in the amount of $20,616.85, which is 25% of the principal and interest Two Oil calculated as due on the promissory note. Two Oil based its request for attorney's fees on the Retainer Agreement in which it retained its attorney's services to represent it herein. Pursuant to the terms of the promissory note, Simons is liable to pay Two Oil for "its reasonable attorney's fees . . . incurred in collecting" the note. Two Oil did not present any evidence regarding the work performed by its attorney to obtain its judgment against Simons. Therefore, the record is insufficient to establish a prima facie case that the attorney's fees sought by Two Oil was reasonable. We further note that although Two Oil was free to negotiate with its attorney the terms of his collection services, there is no evidence that Simons was a party to that agreement.

A trial court's award of attorney's fees should not be modified on appeal unless it has been shown to be an abuse of discretion. *Health Educ. & Welfare Fed. Credit Union v. Peoples State Bank*, 11-672 (La.App. 3 Cir. 12/7/11), 83 So.3d 1055. Two Oil failed to establish a prima facie case that is entitled to an award of $20,616.85 in attorney's fees. Accordingly, the trial court abused its discretion in making the award, and it is reversed.

*Breach of Contract Damages*

Simons asserts the trial court erred in awarding Two Oil lost profits for the period 2013 through 2025 plus legal interest for a number of reasons. Two Oil urges that because Simons has not established a valid excuse for its failure to appear and respond to the Petition, it is not entitled to a new trial. Two Oil further contends that it presented prima facie proof to support its breach of contract claim.

The Third Addendum to Facilities Utilization Agreement[1] (emphasis added) between Pallet and Simons provides in pertinent part:

> Notwithstanding any provision of the foregoing to the contrary, in the event that, prior to the Expiration Date, Simons has purchased all of the equipment owned by Two Oil . . . then Simons shall have the option to renew the Utilization Agreement for an additional five-year period ending February 28, 2015, on the then existing terms *without Pallet's consent*, by providing ninety days' prior notice of the Expiration Date.

Arguing that it did not have a contractual obligation to exercise the option to renew the Utilization Agreement as provided in the Third Addendum, Simons urges that Two Oil failed to present prima facie evidence that Simons breached the terms of the Utilization Agreement. Two Oil asserts that Simons represented to it that it wanted to buy the tankage and equipment to take advantage of the "automatic renewal" and that the affidavit of Mr. Stephens establishes this fact. It contends that in doing so, Simons obligated itself to exercise the "automatic renewal."

In his affidavit, Mr. Stephens stated, in pertinent part:

> In 2009, **SIMONS PETROLEUM** approached **TWO OIL SERVICES, L.L.C.**, through me, about purchasing its equipment. **SIMONS PETROLEUM** stated to me that they wanted to take advantage of the "trouble free" extension that the third addendum to the Facilities Utilization Agreement provided, as explained in paragraph 13 and purchasing the equipment would enable them to do so. The sale was agreed at "book value." Otherwise, nothing else would change[,] and the management agreement executed in 2002 would continue in effect.

---

[1] The copy of the Third Addendum to Facilities Utilization Agreement Two Oil introduced into evidence at the confirmation of default hearing consists of four pages labeled pages 1, 2, 3, and 7. As a result, it appears as though three pages of the Addendum are missing. There is no evidence in the record, however, that anything in the missing pages of the Addendum predicated Pallet's grant of the option to renew on any obligation of Simons. As a result, our determination on this issue is based solely on that portion of the Third Addendum introduced by Two Oil.

The above reference to paragraph 13 appears to refer to paragraph 13 of Two Oil's petition which states:

> On November 8, 2002, a third addendum was executed between **PALLET, J.C.B.**, and **SIMONS** that modified the prior agreements by recognizing that if **SIMONS** purchased all the equipment and tankage from **TWO OIL** before the expiration of the initial term, then **SIMONS** would have the option to renew the term ending February 28, 2015 without **PALLET** and **J.C.B.**'s consent by providing ninety (90) days prior notice to **PALLET** and **J.C.B.**.

Two Oil further alleges in paragraph 15 of its petition:

> In 2009, **SIMONS** approached **TWO OIL** about purchasing its equipment to take advantage of the "trouble free" extension that the third addendum provided, as explained in Paragraph 13. To further those ends, on November 30, 2009, **TWO OIL** and **SIMONS** entered into an Equipment Purchase Agreement wherein **TWO OIL** sold the equipment to **SIMONS** for $175,000.00. The parties stipulated that the Management Agreement executed on November 8, 2002[,] would otherwise remain in effect.

Simons cites *Olympia Minerals, LLC v. HS Resources, Inc.*, 13-2637, 13-2717 (La. 10/15/14), __ So.3d __, for the proposition that only the grantor of an option is bound to perform. *Olympia* does stand for this proposition; however, Simons' reliance on the proposition on this issue is misplaced because the contract at issue is between it and Two Oil, not it and the grantor of the option, Pallet, as in *Olympia*. Therefore, we must look to Simons' contract with Two Oil to determine whether Simons bound itself to exercise the option granted to it by Pallet.

As the supreme court noted in *Olympia*, __ So.3d at __ (quoting La.Civ.Code art. 1908): "A contract is bilateral, or synallagmatic, when the parties obligate themselves reciprocally, so that the obligation of each party is correlative to the obligation of the other." Two Oil argues the Equipment Purchase Agreement obligated Simons to exercise the option. We agree for the following reasons.

Paragraph 1 of the Equipment Purchase Agreement provided that the sale of the equipment is "related to the continued use of the Equipment consistent with past and intended use." Additionally, paragraph 16 of the Equipment Purchase Agreement provided: "Except with respect to ownership of the Equipment, the Management Agreement shall remain in full force and effect." Pursuant to these paragraphs, Simons had the correlative obligation to maintain the Management Agreement in order to continue using the equipment in a manner "consistent with past and intended use. In order to do so, Simons had to exercise the option granted by Pallet to renew the Utilization Agreement.

We now consider whether Two Oil established a prima facie case that Simons did not exercise the option as the trial court determined. "An option is a contract whereby the parties agree that the offeror is bound by his offer for a specified period of time and that the offeree may accept within that time." La.Civ.Code art. 1933. The supreme court explained the principles of an option in *Olympia*, __ So.3d at __ (quoting Saul Litvinoff, *Of the Promise of Sale and Contract to Sell*, 34 La.L.Rev. 1017, 2020 (1973-1974): "[O]ne party *obligates himself towards another to conclude a contract on the terms set forth, upon the other party's consent to enter into the contemplated contract.*" The supreme court further explained that an option is an "atypical unilateral contract" in which only the grantor of the option is bound. *Id.*

Pursuant to the option it granted Simons in the Third Addendum, Pallet bound itself to renew the Utilization Agreement for an additional five-year term if Simons provided it "ninety days' prior notice to the Expiration Date." Pallet's consent to Simons' exercise of the option was not required.

11

At the confirmation hearing, Two Oil did not present any direct evidence that Simons failed to satisfy the only requirement to exercise the option granted by giving Pallet the requisite ninety-day notice. Rather, it relied on inferences it argued could be drawn from Mr. Stephens' affidavit, which outlines Simons' lack of sales, payments, and reporting, as required by the Management Agreement, beginning in 2011, and documentation provided to Two Oil by Simons of Simons' sales after November 2009 to establish that Simons did not exercise the option granted by Pallet. We find the evidence presented by Two Oil at the confirmation hearing did not establish a prima facie case that Simons did not exercise the option granted to it by Pallet.

Two Oil also argues that a letter introduced by Simons at the hearing on its motion for new trial establishes that Pallet did not honor the option granted to Simons in the Third Addendum because Simons was in default in its obligations under the Utilization Agreement. The supreme court explained in *Olympia* that an option is a unilateral contract in which only the grantor is bound. Simons introduced evidence that it provided the ninety-day notice to Pallet at the hearing on its motion for new trial. Accordingly, Pallet was bound to honor the option it granted Simons once Simons provided the requisite ninety-day notice.

For these reasons, we conclude that Two Oil failed to present a prima facie case that Simons did not exercise its option to renew the Utilization Agreement and that the trial court committed manifest error in finding that it did. Furthermore, Simons introduced evidence of the ninety-day notice it provided Pallet to exercise the option at the hearing on its motion for new trial; therefore, the trial court committed manifest error in not granting Simons' motion for new trial.

Having determined Two Oil did not establish a prima facie case that Simons breached its obligations under the Equipment Purchase Agreement because it failed to exercise its option to renew the Utilization Agreement, we need not address Two Oil's claim that Simons owes it damages for breach of contract.

## DISPOSITION

For the reasons discussed, Two Oil Services, LLC failed to present prima facie evidence sufficient to establish its claims against Simons Petroleum, LLC. Accordingly, the trial court's judgment granting judgment against Simons Petroleum, LLC is reversed, and the matter is remanded to the trial court for further proceedings. Costs are assessed to Two Oil.

**REVERSED AND REMANDED.**