NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-1185

GREGORY SCARBOROUGH

VERSUS

TONYA D. SCARBOROUGH

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 232,534
HONORABLE WILLIAM GREGORY BEARD, DISTRICT JUDGE

**********

VAN H. KYZAR
JUDGE

**********

Court composed of Sylvia R. Cooks, Phyllis M. Keaty, and Van H. Kyzar, Judges.

AFFIRMED.

George C. Gaiennie, III
Gaiennie Law Firm, L.L.C.
1920 Jackson Street
Alexandria, LA 71301
(318) 767-1114
COUNSEL FOR DEFENDANT/APPELLANT:
    Tonya D. Scarborough

Koby D. Boyett
2230 South MacArthur Drive, 2nd Floor
Alexandria, LA 71301
(318) 442-9462
COUNSEL FOR PLAINTIFF/APPELLEE:
    Gregory Scarborough

**KYZAR, Judge.**

Defendant/Appellant, Tonya D. Scarborough (Tonya), appeals a judgment partitioning certain property of the former community of acquets and gains that existed between her and her former husband, Plaintiff/Appellee Gregory Scarborough (Gregory). For the reasons herein set forth, we affirm.

## FACTS AND PROCEDURAL HISTORY

Tonya and Gregory were married on September 16, 1994, concurrently creating a community of acquets and gains. The parties were divorced by judgment rendered on October 30, 2008, thereby terminating the community of acquets and gains between them retroactive to the August 18, 2008 filing date of the Petition for Divorce, per La.Civ.Code art. 159. On March 3, 2014, Tonya filed a Petition for Partition of Community Property pursuant to La.R.S. 9:2801.

In response to the petition, Gregory filed his detailed descriptive list on February 16, 2016, and Tonya filed her detailed descriptive list on March 15, 2016. The trial of the partition proceeding was held over two days, January 27, 2017 and May 31, 2017. The trial court assigned written reasons for judgment and signed a judgment on August 16, 2017.

Tonya filed a motion for a new trial on August 30, 2017, alleging that the judgment rendered was contrary to the law and evidence. The motion was denied by the trial court without a hearing on September 7, 2017. This appeal followed, wherein Tonya asserts two assignments of error:

(1) The court erred in refusing to admit into evidence all of the photographs proffered by Tonya Scarborough.

(2) The court erred in denying Tonya's motion for new trial without a hearing.

## OPINION

*Refusal to Admit Photographic Evidence*

Tonya asserts on appeal that the trial court erred in excluding certain photographs from evidence. Tonya sought introduction of a number of photographs into evidence during the trial. The trial court allowed the introduction of some of the photographs as evidence but limited the number of the exhibits. During the second day of trial, Tonya testified as follows:

Q: We looked at some photographs that you had last time. Some of those were admitted into evidence, some were not. The ones that were not admitted into evidence, you thought should be admitted into evidence, didn't you not —

A: Yes.

Q: - did you not?

A: Yes.

Q: Okay.

A: I'd like to proffer them.

Q: What do you believe, what is depicted in those photographs that you wanted the court to see?

A: The assets, the value of-

Q: [. . .]

A: In order to show the value -

Q: - for the benefit of the court.

A: - or the assets that we had. To show the tools.

Q: Beg your pardon.

A: It showed. The pictures showed the tools that we had -

Q: Okay.

A: - in our possession. The tools, everything. Everything we had in our possession.

Q: All right. So, you wanted to use those photographs to support your testimony that you and Greg owned particular tools?

A: Correct.

2

Q: And there were some other things shown in the photographs -

A: Yes, sir.

Q: - in those.

A: Yes, sir.

Q: That was to show that ya'll had owned the other property that's shown in those photographs?

A: Correct. The photographs show pictures of the items that we owned together.

A review of the record does not reveal any offer of any photographic exhibits other than those actually introduced and considered by the trial court. Further, there is no indication in the record of any photographs being offered as evidence that were objected to by opposing counsel and disallowed by the trial court pursuant thereto. The record actually reflects that counsel for Gregory objected to the introduction of certain photographs offered on Tonya's behalf on the basis of a lack of foundation but that these objections were overruled, and the photographs allowed. When the overabundance of photographs was originally produced on the first trial date and the trial court questioned Tonya's intent regarding them, as there appeared to be many duplications, even Tonya and her counsel, identified below as "MR. GAIENNIE", appear to have acknowledged that not all of the photographs were intended to be admitted.

THE COURT: Are you going through each one of those pictures?

MR. GAIENNIE: No, sir, I hope not.

MS. SCARBOROUGH: I mean, it's a lot.

MR. GAIENNIE: I hope I don't have to.

THE COURT: No, we're not going to go through each one of those pictures. If you've got, you need to probably pick your best three or five pictures -

3

MR. GAIENNIE: Okay.

THE COURT: - in regards to whatever you want to prove in regard to that.

MR. GAIENNIE: Okay.

THE COURT: I'm not going to allow all of them.

Counsel did not object to the trial court's decision or attempt to offer or proffer the entirety of the photographs. When the photographs are again discussed on the second date of trial, the record reflects that the trial court's main concern regarding the photographs was not excluding them, but merely the sheer number of them and the cumulative nature of the evidence depicted therein. This can be seen by the following colloquy:

Q:   I'm looking at these three photographs and ask you if you can identify those, please.

. . . .

THE COURT: Are these, are these cumulative?

MR. GAIENNIE: No, not -

THE COURT: The things we've already seen?

MR. GAIENNIE: - not what we've already had.

THE COURT: All right. I'm fixing to start cutting off because individual pictures, we're getting too many of them. I just wanted to say that.

MR. GAIENNIE: Okay.

THE COURT: In regards to that, into, whatever you're, on the proof on it.

MR. GAIENNIE: Okay.

THE COURT: Okay?

MR. GAIENNIE: All right.

THE COURT: That's why I said earlier, pick your best three out of there as evidence of what it depicts based upon, you can do the testimony, but pictures are getting cumulative now.

After this exchange, counsel for Tonya had her describe the various photographs that were actually tendered, and the photographs were admitted into evidence. There is no indication of any objection to the trial court's actions. Further, Tonya fails to point out in brief any example of any specific ruling by the trial court denying the attempted introduction of any particular photograph or photographs into evidence. Rather, the record reflects that the only evidence excluded by the trial court, which was then proffered on Tonya's behalf, are three vehicle titles in the names of other persons not party to this suit, which were offered as Proffer #1, Proffer #2, and Proffer #3. Thus, we can find no ruling of the trial court on which to base any alleged error.

> A ruling on the admissibility of evidence is a question of law and is not subject to the manifest error standard of review. Frank L. Maraist, *Louisiana Civil Law Treatise: Evidence and Proof*, Vol. 19, § 2.10, p. 36. A party may not complain on appeal about an evidentiary ruling in the trial court unless the trial judge was given the opportunity to avoid the perceived error, and the ruling "affected" a "substantial right" of the party. *Id.* (Citing La. C.E. art. 103(A)(1)).

*Trascher v. Territo*, 11-2093, p. 4 (La. 5/8/12), 89 So.3d 357, 362.

In the instant case, there was no offer of the photographic evidence complained of here. The trial judge was not given the opportunity to actually rule thereon and avoid any potential error. Thus, Tonya cannot now complain of a perceived evidentiary error on appeal. This is particularly true given that there was no objection made at trial to any evidentiary ruling of the trial court by either party.

> An objection to a witness or to the introduction of evidence is waived if the objection is not raised at a time when the error can be corrected. *Briscoe v. Briscoe*, 25,955 (La.App.2d Cir. 8/17/94), 641 So.2d 999. To preserve an evidentiary issue for appellate review, it is essential that the complaining party enter a contemporaneous objection to the evidence or testimony and state the reasons for the objection. *Stephens v. Town of Jonesboro*, 25,715 (La.App.2d

5

Cir.8/19/94), 642 So.2d 274, *writs denied*, 94-2351, 94-2557 (La. 11/29/94), 646 So.2d 400.

*Kose v. Cablevision of Shreveport*, 32,855, p. 10 (La.App. 2 Cir. 4/5/00), 755 So.2d 1039, 1048, *writ denied*, 00-1117 (La. 6/16/00), 764 So.2d 964, *and writ denied*, 00-1289 (La. 6/16/00), 765 So.2d 340.

Having found no specific offer of the evidence referred to, and thus no specific ruling of the trial court denying the introduction of such evidence, and further finding no contemporaneous objection to the trial court's handling of any evidentiary issue, we find no merit to Tonya's first assignment of error.

### Denial of the New Trial Motion

Tonya next asserts that the trial court erred in denying her motion for a new trial without holding a hearing thereon. The standard of review for the denial of a motion for new trial is abuse of discretion. *Zeno v. Nixon*, 13-1267 (La.App. 3 Cir. 3/12/14), 133 So.3d 1285. In certain instances, a new trial may be granted by the trial court at its great discretion, whereas in others the granting of a new trial is mandatory. Both instances are regulated by the Louisiana Code of Civil Procedure. Louisiana Code of Civil Procedure Article 1972 states:

> A new trial shall be granted, upon contradictory motion of any party, in the following cases:
>
> (1)  When the verdict or judgment appears clearly contrary to the law and the evidence.
>
> (2)  When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
>
> (3)  When the jury was bribed or has behaved improperly so that impartial justice has not been done.

Louisiana Code of Civil Procedure Article 1973 states that "[a] new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law."

6

Tonya argues on appeal that it was error for the trial court to deny her motion for a new trial summarily, without holding a hearing thereon. We find no merit to her argument. A trial court may summarily deny a motion for a new trial without a hearing, particularly in cases where "[t]he bare allegation that the judgment was clearly contrary to the law and the evidence certainly presents nothing new to the judge who tried the case, heard the evidence and listened to the arguments[.]" *Sonnier v. Liberty Mut. Ins. Co.*, 258 La. 813, 822, 248 So.2d 299, 302 (1971). Thus, we find that the trial court did not err by failing to hold a hearing on the motion for a new trial given the bare allegation that the judgment was contrary to the law and evidence.

We next look to the record to determine whether the motion for a new trial was properly denied on its merits. A motion for new trial may be summarily denied in absence of a clear showing of facts or law reasonably calculated to change the outcome of trial or reasonably believed to have denied the applicant a fair trial. *Lopez v. Wal-Mart Stores, Inc.*, 94-2059 (La.App. 4 Cir. 8/13/97), 700 So.2d 215, *writ denied*, 97-2522 (La. 12/19/97), 706 So.2d 457. As reflected above, Tonya's motion alleged that the judgment of the trial court was clearly contrary to the law and the evidence.

The applicable standard of review in ruling on a motion for new trial is whether the trial court abused its discretion. *Guillory v. Lee*, 09-75 (La. 6/26/09), 16 So.3d 1104. The trial court's findings of fact are subject to the manifest error/clearly wrong standard of review. *David v. David*, 12-1051 (La.App. 3 Cir. 4/10/13), 117 So.3d 148, *writ denied*, 13-1541 (La. 10/4/13), 122 So.3d 1023. Broad discretion is accorded to the trial court in resolving community property disputes. *Williams v. Williams*, 07-541 (La.App. 3 Cir. 10/31/07), 968 So.2d 1234.

7

In her brief memorandum accompanying the motion for a new trial in the trial court and in brief before this court, Tonya again asserts the judgment was contrary to law, in that the trial court improperly excluded the photographic evidence referred to in assignment of error number one. Having concluded that there was no offer of the evidence and no contemporaneous objection, the judgment is not contrary to the law on this basis. We further conclude that the trial court's substantive decision partitioning the community property was not clearly wrong such that there is no manifest error.

During the trial on the merits, the trial court heard testimony from both parties as well as several additional witnesses, including professional and trade witnesses who provided insight into the valuation of certain property at issue and included in the detailed descriptive lists filed by each party. Tonya's only argument on appeal deals with the valuation of various shop tools and equipment used by Gregory in the parties' now-closed transmission business. Here, she claims the photographs that she wished to introduce into evidence showed the condition and value of these tools and equipment. However, the trial court did consider certain photographs related to these items and heard testimony from independent witnesses about the existence and value thereof. In its extensive written reasons for judgment, the trial court stated "[t]hrough Tonya's detailed descriptive list, photos and testimony at the trial, she testified as to what she believed the projected values of a number of particular tools, assets and inventory in the transmission shop." Indeed, the trial court noted that while Gregory asserted a value of $5,000.00 for the shop tools and contents, Tonya asserted a value of $182,733.00 for the same. In valuing the tools and inventory at $21,151.68, the trial court stated in its reasons for judgment that it specifically considered the testimony of Mark Brashear, a mechanic and former employee of the shop. Mr.

8

Brashear stated that Gregory had a similar tool cart as the one Mr. Bashear used and that the value of the tools and cart was approximately $20,000.00. The trial court also stated it relied on the testimony of Tonya and another former employee/mechanic, who testified that during the existence of the community property regime, Gregory purchased another $1,151.68 worth of tools. Finally, the court noted its reliance on the testimony of the former shop secretary and office manager, Sissy Cannon, who stated that during her employment for the transmission shop, no inventory of parts was accumulated as parts were purchased on an as needed basis for the particular mechanic work being performed.

Thus, the trial court's findings as to the existence and value of the property were not clearly wrong or manifestly erroneous, and as such, we find no error in the trial court's denial of Tonya's motion for new trial.

## DECREE

For the reasons set forth herein, the judgment of the trial court partitioning the property of the former community of acquets and gains of Gregory Scarborough and Tonya D. Scarborough is affirmed. Costs of this appeal are assessed to Tonya D. Scarborough.

**AFFIRMED.**

Not Designated for Publication
Court of Appeal, Uniform Rule 2 – 16.3

9